UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

FERNANDO HERNANDEZ, JUANY GUZMAN, BRANDON
ROSE, IRVING COLLADO, ANDRES SALAS, BENGALY
KONATE, MICHAEL J. RODRIGUEZ, and WILTON A.
DARDAINE,

                      *Plaintiffs*,

-against-

THE FRESH DIET INC.,
LATE NIGHT EXPRESS COURIER SERVICES, INC. (FL),
FRESH DIET EXPRESS CORP. (NY),
THE FRESH DIET - NY INC. (NY),
FRESH DIET GRAB & GO, INC. (FL) a/k/a
YS CATERING HOLDINGS, INC. (FL) d/b/a
YS CATERING, INC. (FL),
INNOVATIVE FOOD HOLDINGS, INC. (FL)
FRESH DIET EXPRESS CORP. (FL),
SYED HUSSAIN, Individually,
JUDAH SCHLOSS, Individually,
and ZAIMI DUCHMAN, Individually,

                      *Defendants*.
------------------------------------------------------------------x

15 Civ. ___

COMPLAINT

15 CV 1338



      Plaintiffs Fernando Hernandez, Juany Guzman, Brandon Rose, Irving Collado, Andres Salas, Bengaly Konate, Michael J. Rodriguez, and Wilton A. Dardaine, by counsel, The Harman Firm, PC, allege for their complaint against Defendants The Fresh Diet Inc., Late Night Express Courier Services, Inc. (FL), Fresh Diet Express Corp. (NY), The Fresh Diet Grab & Go, Inc. (FL) a/k/a YS Catering Holdings, Inc. (FL) d/b/a YS Catering, Inc. (FL), Innovative Food Holdings, Inc. (FL), Fresh Diet Express Corp. (FL), Syed Hussain, Judah Schloss, and Zaimi Duchman (collectively "Defendants"), as follows:

## NATURE OF ACTION

    1.    Plaintiffs Brandon Rose, Irving Collado, Andres Salas, Bengaly Konate, Michael

J. Rodriguez, and Wilton A. Dardaine (collectively "Wage and Hour Plaintiffs") are (i) entitled to unpaid wages from the Defendants for overtime work for which they did not receive over-time premium pay, and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), codified at §§ 650 *et seq*.

2. Defendants also retaliated against Plaintiffs Fernando Hernandez and Juany Guzman (collectively "Retaliation Plaintiffs") by discharging them for filing a complaint (*Hernandez, et al. v. The Fresh Diet Inc., et al.*, 12 Civ. 04339, dated June 1, 2012) against Defendants alleging violations of the FLSA for unpaid wages for overtime work for which they did not receive over-time premium pay.

## JURISDICTION AND VENUE

3. Pursuant to 29 U.S.C. § 1331, jurisdiction over Plaintiffs' claims is conferred on this Court as Defendants violated Plaintiffs' rights under the FLSA, codified at 29 U.S.C. §§ 201 *et seq*.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplement jurisdiction over Plaintiffs' claims brought under New York State law.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to the claims occurred within this District.

## JURY DEMAND

6. Plaintiffs respectfully request a trial before a jury.

## PARTIES

7. Plaintiff Fernando Hernandez, was, at all relevant times, an adult individual,

2

residing in the State of New York.

8. Plaintiff Juany Guzman, was, at all relevant times, an adult individual, residing in the State of New York.

9. Plaintiff Brandon Rose, was, at all relevant times, an adult individual, residing in the State of New York.

10. Plaintiff Irving Collado, was, at all relevant times, an adult individual, residing in the State of New York.

11. Plaintiff Andrew Salas, was, at all relevant times, an adult individual, residing in the State of New York.

12. Plaintiff Bengaly Konate, was, at all relevant times, an adult individual, residing in the State of New York.

13. Plaintiff Michael J. Rodriguez, was, at all relevant times, an adult individual, residing in the State of New York.

14. Plaintiff Wilton A. Dardaine, was, at all relevant times, an adult individual, residing in the State of New York.

15. Upon information and belief, Defendant The Fresh Diet, Inc. ("The Fresh Diet"), at all times hereinafter mentioned, was and remains, a Florida corporation with offices at 9429 Harding Avenue, No. 34, Surfside, Florida, 33154.

16. Upon information and belief, Defendant Late Night Courier Express Services, Inc. ("Late Night"), at all times hereinafter mentioned, was and remains, a Florida corporation with offices at 9429 Harding Avenue, No. 34, Surfside, Florida, 33154. Upon information and belief, Late Night a Defendant herein, is a business partner of Defendant The Fresh Diet.

17. Upon information and belief, Defendant Fresh Diet Express Corp ("Fresh Diet

Express"), at all times hereinafter mentioned, was and remains, a Florida corporation doing business in the State of New York with offices at 192 Seigel Street, Brooklyn, New York, 11206. Upon information and belief, Fresh Diet Express, a Defendant herein, is a business partner of Defendant The Fresh Diet.

18. Upon information and belief, Defendant The Fresh Diet – NY, Inc. ("Fresh Diet NY"), at all times hereinafter mentioned, was and remains, a New York corporation with offices at 332 Albany Avenue, 2nd Floor, Brooklyn, New York, 11213. Upon information and belief, Fresh Diet NY, a Defendant herein, is a business partner of Defendant The Fresh Diet.

19. Upon information and belief, Defendant Fresh Diet Grab & Go, Inc. ("Grab and Go"), at all times hereinafter mentioned, was and remains, a Florida corporation with offices at 1813 NE 123 ST, North Miami, Florida, 33161. Upon information and belief, Grab and Go, a Defendant herein, is a business partner of Defendant The Fresh Diet.

20. Upon information and belief, Defendant YS Catering Holdings Inc. ("YS Holdings"), at all times hereinafter mentioned, was and remains, a Florida corporation with offices located at 9429 Harding Avenue, Suite 34, Surfside, Florida 33154. Upon information and belief, YS, a Defendant herein, is a business partner of Defendant The Fresh Diet.

21. Upon information and belief, Defendant YS Catering Inc. ("YS"), a Defendant herein, at all times hereinafter mentioned, was and remains, a Florida corporation with offices located 9429 Harding Avenue, Suite 34, Surfside, Florida 33154. Upon information and belief, YS, a Defendant herein, is a business partner of Defendant The Fresh Diet.

22. Upon information and belief, Innovative Food Holdings, Inc. ("Innovative"), at all times hereinafter mentioned, was and remains a Florida corporation with offices located at 26411 Race Track Road, Bonita Springs, Florida 34135. Upon information and belief, Innovative

purchased The Fresh Diet in and around August 2014.

23. Upon information and belief, Defendant Syed Hussain ("Hussain"), was and is the New York Regional Delivery Manager of The Fresh Diet, and was and is at all relevant times, the Plaintiffs' direct supervisor. Defendant Hussain, on behalf of Defendant The Fresh Diet, is the Fresh Diet's New York Regional Delivery Manager. Defendant Hussain's home address is presently unknown to Plaintiffs but as The Fresh Diet's New York Regional Delivery Manager, his business address is the same as The Fresh Diet's New York regional food preparation and distribution facility: 192 Siegel Street, Brooklyn (Kings County), New York.

24. Upon information and belief, Defendant Judah Schlass ("Schlass") is the chief operating officer ("COO") of The Fresh Diet. Defendant Schlass' home address is presently unknown to Plaintiffs but as Chief Operating Officer of The Fresh Diet, his business address is the same as Defendant The Fresh Diet's corporate headquarters: 9429 Harding Avenue, No. 34, Surfside, Florida, 33154.

25. Upon information and belief, Defendant Zalmi Duchman ("Duchman") is The Fresh Diet's chief executive officer ("CEO"). Defendant Duchman's home address is presently unknown to Plaintiffs but as Chief Executive Officer of the Fresh Diet his business address is the same as Defendant The Fresh Diet's corporate headquarters: 9429 Harding Avenue, No. 34, Surfside, Florida, 33154.

26. All corporate and individual Defendants separately defined in paragraphs 15 through 25 are hereinafter collectively referred to as the "Defendants."

27. Upon information and belief, the Defendants are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals.

## FACTUAL ALLEGATIONS

28. Plaintiffs are or were employed by Defendants as food delivery employees covering, customer delivery routes in the tri-state New York metropolitan area, beginning in or about winter 2007.

29. Plaintiffs often worked in excess of forty (40) hours a week, yet the Defendants willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the NYLL and pertinent regulations promulgated thereunder.

30. The Defendants knew that the nonpayment of overtime would economically damage Plaintiffs and violate the FLSA and the NYLL and regulations promulgated thereunder.

31. Plaintiffs' work was performed in the normal course of Defendants' business and was integrated into Defendants' business.

32. Defendants' website, www.thefreshdiet.com, on its "How It Works" page, describes the Defendants' daily food delivery service as follows:

> **Our diet meal delivery plans are delivered to your doorstep five days a week** in a thermally insulated cooler bag to ensure that your food maintains freshness and taste. The Fresh Premium, Fresh Classic and Fresh Vegetarian diet meal plans offer seven days of the freshest produce, meats and breads hand delivered to your door five days a week. (emphasis added)

33. Defendants were responsible for managing Plaintiffs, and were responsible for paying Plaintiffs' wages.

34. Upon information and belief, Defendant Hussain manages the Plaintiffs from The Fresh Diet's regional "kitchen" or food preparation and distribution facility on Siegel Street in Brooklyn, NY. Defendant Hussain, on behalf of Defendant The Fresh Diet, and in his role as New York Regional Delivery Manager, directly controlled Plaintiffs' work schedules and

6

conditions of employment, determined the rate and method of payment, and kept at least some records regarding their employment. Defendant Hussain was and is directly responsible for establishing, altering and terminating the Plaintiffs' delivery routes and schedules in the New York City tri-state metropolitan area. Upon information and belief, Defendant Hussain also was and is directly responsible for reprimanding and/or otherwise disciplining or punishing the Plaintiffs whenever he became or becomes dissatisfied with any aspect of their performance.

35. Upon information and belief, Defendant Hussain acted intentionally and maliciously, and is an "employer" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, including 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is thus jointly and severally liable with the other Defendants.

36. Upon information and belief, Defendant Schlass, as COO of The Fresh Diet, has the right to supervise, direct and control Defendant Hussain, the Defendants' New York Regional Delivery manager. Upon information and belief, Defendant Schlass frequently personally visits The Fresh Diet food preparation facility in Brooklyn and has had direct involvement in the management and operations of that facility, including delivery operations.

37. Upon information and belief, Defendant Schlass acted intentionally and maliciously, and is an "employer" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, including 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is thus jointly and severally liable with the other Defendants.

38. Upon information and belief, Defendant Duchman has the right to control all aspects of The Fresh Diet's operations including the right to supervise, direct and control all persons employed by The Fresh Diet, including Defendants Schlass and Hussain.

39. Upon information and belief, Defendant Duchman acted intentionally and

maliciously, and is an "employer" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, including 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is thus jointly and severally liable with the other Defendants.

40. Throughout all relevant time periods, upon information and belief, the Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

41. During the course of Plaintiffs' employment with Defendants, the Defendants failed to maintain accurate and sufficient time records.

42. On June 1, 2012, Plaintiff Hernandez and Guzman filed a lawsuit (*Hernandez et al v. The Fresh Diet Inc. et al*, 12 CV 04339, dated June 1, 2012) against Defendants for unpaid overtime.

43. On or about June 26, 2012, Defendants terminated Plaintiff Hernandez's employment.

44. On or about June 28, 2012, Defendants terminated Plaintiff Guzman's employment.

45. Defendants terminated Plaintiffs Hernandez and Guzman because they filed a complaint related to Defendants' FLSA violations.

46. The Defendants willfully violated Plaintiffs Hernandez and Guzman's rights by discharging them for filing a complaint against Defendants alleging violations of the FLSA.

47. Retaliation against employees for filing a complaint alleging a FLSA violation violates the FLSA.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION (FOR WAGE AND HOUR PLAINTIFFS)
### Defendants Violated Fair Labor Standards Act by Failing to Pay Overtime

48. Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 as if they were set forth again herein.

49. At all relevant times, The Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. Upon information and belief, at all relevant times, The Fresh Diet has had annual gross revenues in excess of $500,000.

51. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to their New York City tri-state metropolitan area food delivery employees for their hours worked in excess of forty (40) hours per workweek.

52. As a result of the Defendants' willful failure to compensate its New York City tri-state metropolitan area food delivery employees, including Wage and Hour Plaintiffs, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, the Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. At all relevant times, the Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

55. Due to the Defendants' willful violation of the FLSA, Wage and Hour Plaintiffs are entitled to recover from the Defendants, their unpaid overtime compensation, an equal

additional amount as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION (FOR WAGE AND HOUR PLAINTIFFS)
**Defendants Violated NYLL by Failing to Pay Overtime**

56. Wage and Hour Plaintiffs reallege and incorporate by reference paragraphs 1 through 55 as if they were set forth again herein.

57. At all relevant times, Wage and Hour Plaintiffs were employed by the Defendants within the meaning of the NYLL §§ 2 and 651.

58. The Defendants willfully violated Wage and Hour Plaintiffs rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of NYLL and its applicable regulations.

59. As a direct and proximate consequence of Defendants' illegal conduct, Wage and Hour Plaintiffs have been denied wages, salary, employment benefits, professional advancement, and actual monetary losses.

60. Wage and Hour Plaintiffs are entitled to recover from the Defendants their unpaid overtime compensation, as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 663(1).

### THIRD CAUSE OF ACTION (FOR RETALIATION PLAINTIFFS)
**Defendants Violated NYLL by Failing to Pay Overtime**

61. Plaintiffs reallege and incorporate by reference paragraphs 1 through 60 as if they were set forth again herein.

62. Defendants terminated Plaintiffs Hernandez and Guzman after they participated in a law suit against Defendants asserting their rights pursuant to the FLSA.

63. As a direct and proximate consequence of Defendants' illegal conduct, Plaintiffs Hernandez and Guzman have been denied wages, salary, employment benefits, professional advancement, and actual monetary losses.

64. Plaintiffs Hernandez and Guzman are entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A. on Plaintiffs' first claim, damages to be determined at trial, but in no event less than $500,000;

B. on Plaintiffs' second claim, damages to be determined at trial, but in no event less than $500,000;

C. on Plaintiffs' third claim, damages to be determined at trial, but in no event less than $1,000,000;

D. an award of compensatory, assumed, and punitive damages;

E. pre-judgment and post-judgment interest;

F. attorneys' fees and costs; and

G. such other and further relief as the Court deems just and proper.


Dated: New York, New York
February 24, 2015

By: /s/ Walker G. Harman Jr.
Walker G. Harman, Jr., Esq. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Plaintiffs*
1776 Broadway, Suite 2030
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com