USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/14/2016_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FERNANDO HERNANDEZ, *et al.*,                    :

                      Plaintiffs,       :

            - against -                   :

                             :

THE FRESH DIET INC., *et al.*,                    :

                  Defendants.     :
-------------------------------------------------------------X

**ORDER FOR CONFERENCE**
**PURSUANT TO RULE 16**

15-CV-1338 (ALC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

An initial case management conference shall be held in accordance with Fed. R. Civ. P. 16(a), on **April 28, 2016** at **11:00 a.m.** in Courtroom 21D, United States Courthouse, 500 Pearl Street, New York, New York.  All parties must appear at this conference and should arrive prior to the scheduled time so that the conference may begin promptly.

Upon receipt of this order, each counsel is directed to confirm with all other counsel that each party to this proceeding (or that party's counsel) has received a copy of this order.  Please note that the Federal Rules of Civil Procedure require the parties to confer before this conference to discuss the matters set forth in Fed. R. Civ. P. 26(f).  Additionally, the parties must exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) in advance of the conference.

At the initial case management conference, the parties must be prepared to discuss the subjects set forth in subdivisions (b) and (c) of Rule 16.  To fulfill the requirement of Fed. R. Civ. P. 26(f) that the parties submit a proposed discovery plan, the parties shall jointly submit to the Court, no later than one day before the initial case management conference, a "Proposed Scheduling Order," containing the case caption and the following information:

1. the date of the conference and the appearances for the parties; including the individual attorney's name, the law firm's name, the party(ies) represented, business address, and business phone number;

2. a concise statement of the issues as they then appear;

3. a proposed schedule including:

   a. the deadline by which the parties may move to amend the pleadings or join any other parties;

   b. the date by which motions for conditional class certification under the Fair Labor Standards Act (if applicable), and class certification under Rule 23 of the Federal Rules of Civil Procedure shall be filed (if applicable);

   c. dates by which class certification discovery shall be completed (if applicable);

   d. dates for document requests and initial interrogatories;

   e. the names of non-expert witnesses expected at this time to be deposed and either specific dates or a timetable for when depositions will take place;

   f. a date by which all non-expert discovery shall be completed;

   g. dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made;

   h. the date by which depositions of experts shall be completed;

   i. the date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendants; and the date by which the parties will submit a joint pretrial order in accordance with procedures of the undersigned;

4. a statement of any limitations to be placed on discovery, including, if applicable, provisions for phased discovery in respect to conditional class certification, limitations on expert discovery, limitations on the discovery of electronically stored information ("ESI"), and any protective or confidentiality orders (including any order pursuant to Rule 502 of the Federal Rules of Evidence);

5. a statement of those discovery issues, if any, as to which the parties, after a good faith effort, have been unable to reach an agreement;

6. anticipated fields of expert testimony, if any;

7. anticipated length of trial and whether, and by whom, a jury has been requested;

8. (a) an approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions and (b) whether the parties would like to discuss settlement at such time under the supervision of a private mediator, a mediator from the SDNY Mediation Program, another magistrate judge, or the undersigned;

9. the following paragraph reproduced verbatim:

"All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefore not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.";

10. a signature line for the undersigned.

To the extent the parties disagree on the dates or other terms of the proposed schedule, such disagreement may be noted in the document.

When contemplating the proposed discovery schedule, the parties are to do so in light of the December 1, 2015 amendment to Fed. R. Civ. P. 26(b), which requires that the scope of discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

The Proposed Order should be sent to CottNYSDChambers@nysd.uscourts.gov.

Any application for a change in the date of the conference must be made by letter-motion filed on ECF within ten days of this order, unless there is good cause justifying a later application. Prior to requesting an adjournment, the party making the request should contact the Deputy Clerk, David Tam, ((212) 805-0250) to determine alternative dates on which the Court is available for a rescheduled court appearance. The party must then request an adjournment by letter that includes (1) a statement as to all other parties' positions on the proposed change in date and (2) a proposal for an alternative date for the conference (as provided by the Deputy Clerk) for which all parties are available.

Finally, the parties are directed to consult the Court's Individual Rules available on the Southern District of New York's website.

**SO ORDERED.**

Dated: New York, New York
April 14, 2016

_____
JAMES L. COTT
United States Magistrate Judge