UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FERNANDO HERNANDEZ, JUANY GUZMAN,     Case No.: 15-CV-1338 (ALC)
BRANDON ROSE, IRVING COLLADO, ANDRES     (JLC)
SALAS, BENGALY KONATE, MICHAEL J.
RODRIGUEZ, WILTON A. DARDAINE, and JUAN
CORREA

                                              Plaintiffs,
       -against-

THE FRESH DIET, INC., LATE NIGHT EXPRESS
SERVICES, INC. (FL), FRESH DIET EXPRESS CORP.
(NY), THE FRESH DIET – NY INC. (NY), FRESH DIET
GRAB & GO, INC. (FL) a/k/a YS CATERING
HOLDINGS, INC. (FL) d/b/a YS CATERING, INC. (FL),
INNOVATIVE FOOD HOLIDINGS, INC. (FL), FRESH
DIET EXPRESS CORP. (FL), NEW FRESH CO., LLC.,
SYED HUSSAIN, Individually, JUDAH SCHLOSS,
Individually, and ZALMI DUCHMAN, Individually,

                                              Defendants.
-------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants The Fresh Diet, Inc., Late Night Express Services, Inc., Fresh Diet Express Corp., The Fresh Diet – NY, Inc., Fresh Diet Grab & Go, Inc., YS Catering Holdings, Inc., YS Catering, Inc., Fresh Diet Express Corp., New Fresh, Co, LLC., Syed Hussan, Judah Schloss, and Zalmi Duchman*
By: Jeffery A. Meyer, Esq.
Aaron N. Solomon, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................. iii

PRELIMINARY STATEMENT ................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .................. 3

ARGUMENT .............................................................................................. 4

POINT I ..................................................................................................... 5

    PLAINTIFFS' FLSA AND NYLL CLAIMS MUST
    BE DISMISSED ................................................................................. 5

POINT II .................................................................................................... 9

    PLAINTIFFS CANNOT STATE A CLAIM THROUGH
    IMPERMISSIBLE "GROUP PLEADING" ..................................... 9

    A. Plaintiffs Plead No Facts Establishing the Existence
       of an Integrated Enterprise ............................................................ 9
    B. Plaintiffs Plead No Facts Establishing that the Corporate
       Defendants and New Fresh are Plaintiffs' Employers ................. 11

CONCLUSION ....................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Accord Rescuecom Corp. v. Google Inc.*
562 F.3d 123 (2d Cir.2009) ........................................................................................................ 5

*Amponin v. Olayan America Corp.*
No. 14-CV-2008 (TPG), 2015 WL 1190080, (S.D.N.Y. 2015) .................................................. 7

*Ashcroft v. Iqbal*
56 U.S. 662 (2009) ................................................................................................................. 4, 9

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......................................................................................................... passim

*Cooper v. Parsky*
140 F.3d 433 (2d Cir.1998) ....................................................................................................... 4

*DeJesus v. HF Mgmt. Servs. LLC*
726 F.3d 85 (2d Cir. 2013) ............................................................................................... passim

*Gisomme v. HealthEx Corp., No 13 CV 2541 (LDW)(WDW)*
2014 WL 204184 (S.D.N.Y. May 15, 2014) ............................................................................. 7

*Hart v. Rick's Caberet Int'l Inc.*
967 F.Supp.2d 901, 940 n. 16 (S.D.N.Y. 2013) ...................................................................... 10

*Hernandez et. al. v. The Fresh Diet, et. al.*
S.D.N.Y. Docket No.: 12 CV 4339 (ALC) (JLC) ..................................................................... 3

*Johnson v. Equinox Holdings, Inc.*
2014 WL 3058438 (S.D.N.Y. 2014) .......................................................................................... 7

*Juarez v. 449 Rest. Inc.*
29 F.Supp.3d 363 (S.D.N.Y. 2014) ......................................................................................... 10

*King v. Simpson*
189 F.3d 284 (2d Cir.1999) .................................................................................................. 4

*Lopez v. Acme Am. Envtl. Co*
No. 12 CV 511 (WHP), 2012 WL 6062501, (S.D.N.Y. Dec., 6 2012) ....................................... 10

*Lundy v. Catholic Health Sys. of Long Island Inc.*
711 F.3d 106 (2d Cir. 2013) ........................................................................................... *passim*

*Mangiafico v. Blumenthal*
471 F.3d 391 (2d Cir.2006) .................................................................................................. 4

*Morangelli v. Chemed Corp*
922 F.Supp.2d 278 (E.D.N.Y. 2013) .................................................................................... 10

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*
723 F.3d 192 (2d Cir. 2013) ........................................................................................... *passim*

*Ofori–Tenkorang v. American Int'l Group, Inc.*
460 F.3d 296 (2d Cir.2006) .................................................................................................. 5

*Perkins v. 1199 SEIU United Healthcare Workers East*
2014 WL 4651951 (S.D.N.Y. 2014) ....................................................................................... 7

*Ramos v. New York City Fire Dept.*
No. 13-9225, 2014 WL 2111687 (S.D.N.Y. May 9, 2014) ................................................... 6, 7

*Santana v. Fishlegs, LLC, No. 13 Civ. 01628 (LGS)*
2013 WL 5951438 (S.D.N.Y. Nov. 7, 2013) .......................................................................... 10

*Sipteri v. Russo*
No. 12-2780, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) .................................................... 7

*Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.*
642 F.2d 31 (2d Cir. 1981) ............................................................................................................ 4

*Thai v. Cayre Grp., Ltd.*
726 F. Supp. 2d 323 (S.D.N.Y. 2010) ........................................................................................... 5

*Zheng v. Liberty Apparel Co.*
355 F.3d 61 (2d Cir. 2003) .......................................................................................................... 11

**Statutes**

§216(b) ............................................................................................................................................ 3

Fed R. Civ. P. 8 ............................................................................................................................. 9

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1

## PRELIMINARY STATEMENT

Defendants The Fresh Diet, Inc. ("Fresh Diet"), Late Night Express Services, Inc. ("Late Night"), Fresh Diet Express Corp., The Fresh Diet – NY, Inc., Fresh Diet Grab & Go, Inc., YS Catering Holdings, Inc., YS Catering, Inc., Fresh Diet Express Corp., New Fresh, Co., LLC. ("New Fresh"), Syed Hussian ("Hussain"), Judah Schlass ("Schlass"), and Zalmi Duchman ("Duchman") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Since this action was commenced in February 2015, Defendants have repeatedly raised concerns about Plaintiffs' failure to properly plead their case. In an effort to avoid motion practice, Plaintiffs have been permitted to amend their pleadings on three separate occasions. Despite the considerable latitude that has been given to Plaintiffs to plead their claims properly, Plaintiffs have nevertheless failed to state a claim for unpaid overtime and fail to allege any cause of action against many of the corporate entities named as Defendants.

Indeed, the "factual" support for Plaintiffs' overtime claims consist of a single sentence alleging that Plaintiffs "worked in excess of forty (40) hours a week, yet Defendants willfully failed to pay them overtime compensation of one and one half times their regular hourly rate." It is well settled law in this Circuit that bare allegations that merely track the language of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") are insufficient to state a claim for unpaid overtime. Plaintiffs are required to plead specific facts that, if taken as true, state a *plausible* claim for relief. This requires plaintiffs to plead facts regarding the hours they worked, the compensation they received, and to describe the extent to which they were not compensated for the work they performed. Plaintiffs, who are represented by an experienced employment attorney, are required to file a pleading that plausibly states a claim and not one that

1

is only supported by bare conclusions. Plaintiffs' failure to do so is fatal to their FLSA and NYLL overtime claims.

Similarly, Plaintiffs impermissibly rely upon "group pleading" in an effort to state a claim against various corporate Defendants named in their Third Amended Complaint. However, the allegations, if taken as true, that could remotely state a claim for relief relate only to Late Night, Fresh Diet, Duchman, Schlass, and Hussain. Instead of pleading specific facts against each Defendant, Plaintiffs impermissibly group all of the Defendants together, pleading, in conclusory fashion and without any factual support, that all of the Defendants constituted an "integrated enterprise" or were "employers" for the purposes of the FLSA and the NYLL. Putting aside the fact that Plaintiffs cannot state a claim against Defendants through an "integrated enterprise" theory, Plaintiffs have not alleged any facts establishing that an "integrated enterprise" exists or remotely establishing that Defendants Fresh Diet Express Corp., The Fresh Diet – NY, Inc., Fresh Diet Grab & Go, Inc., YS Catering Holdings, Inc., YS Catering, Inc., Fresh Diet Express Corp., and New Fresh were Plaintiffs' employers. Accordingly, all of Plaintiffs' claims against these Defendants must be dismissed.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

The Plaintiffs in this action consist of: 1) former FLSA collective opt-ins in *Hernandez et. al. v. The Fresh Diet, et. al.*, S.D.N.Y. Docket No.: 12 CV 4339 (ALC) (JLC) ("*Hernandez 1*") whose claims were dismissed, without prejudice, upon decertification of the §216(b) collective (the "Wage and Hour Plaintiffs"); and, 2) named Plaintiffs in *Hernandez 1*, who now assert retaliation claims under the FLSA and NYLL (the "Retaliation Plaintiffs").[2]

On February 24, 2015, Plaintiffs commenced this action. *See* Dkt. # 1. On April 10, 2015, Plaintiffs filed an Amended Complaint primarily to include additional retaliation claims. *See* Dkt. # 5.

Subsequently, after Defendant, Innovative Food Holdings ("Innovative"), raised deficiencies in Plaintiffs' pleadings by way of a pre-motion letter, Plaintiffs were permitted an opportunity to amend their pleadings. Plaintiffs' Second Amended Complaint was filed on September 25, 2015. *See* Dkt # 31.

Plaintiff's Second Amended Complaint did little to cure the deficiencies that were raised by Innovative. Accordingly, Magistrate Judge Cott afforded Plaintiffs a third chance to amend their complaint. *See* Dkt. # 43. Plaintiffs' Third Amended Complaint was filed on May 31, 2016. *See* Dkt. # 44; Declaration of Jeffery A. Meyer ("Meyer Dec."), Exhibit A, Plaintiffs' Third Amended Complaint (hereinafter referred to as the "Complaint").

It is axiomatic that, on a motion to dismiss, the allegations in the Complaint must be construed to be true. Accordingly, as this motion will focus on specific portions of the Complaint, Defendants submit that an independent statement of facts is not necessary. Rather, to

---

[1] The purpose of this section is to summarize the allegations made by Plaintiffs. Nothing herein should be construed by the Court to be an admission by Defendants of any of the allegations in Plaintiffs' Complaint.
[2] The Retaliation Plaintiffs' claims were excluded from the settlement in *Hernandez 1*.

3

the extent a factual presentation is required, Defendants will refer to the relevant portions of the Complaint directly.

## ARGUMENT

Under the now well-established *Twombly* standard, a Complaint should be dismissed if it does not state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is a dismissal on the merits of the action, a determination that the facts alleged in the Complaint fail to state a claim upon which relief may be granted. *See Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.*, 642 F.2d 31, 34 (2d Cir. 1981). Therefore, the issue before the court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999). "The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the Complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998).

To survive a motion to dismiss, a plaintiff's allegations must meet a standard of "plausibility." *Twombly,* 550 U.S. at 564. A claim satisfies the plausibility standard "when the [Complaint] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 56 U.S. 662, 678 (2009) (citation omitted). Pleading facts that are "merely consistent with a defendant's liability." *Id.* (quotation marks and citations omitted) is insufficient to "nudge [a Plaintiff's] claims across the line from the conceivable to plausible." *Twombly,* 550 U.S. at 570. A "Complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Mangiafico v. Blumenthal,* 471 F.3d 391, 398 (2d Cir.2006). In

deciding a motion to dismiss, the court must "accept as true all of the factual allegations contained in the Complaint," *Twombly,* 550 U.S. at 572. *Accord Rescuecom Corp. v. Google Inc.,* 562 F.3d 123, 127 (2d Cir.2009) and "draw all reasonable inferences in Plaintiff's favor." *Ofori–Tenkorang v. American Int'l Group, Inc.,* 460 F.3d 296, 298 (2d Cir.2006). However, the Court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations ... a presumption of truthfulness." *Thai v. Cayre Grp., Ltd.,* 726 F. Supp. 2d 323, 328 (S.D.N.Y. 2010).

## POINT I

## PLAINTIFFS' FLSA AND NYLL CLAIMS MUST BE DISMISSED

The Wage and Hour Plaintiffs' causes of action for unpaid overtime compensation under the FLSA and NYLL must be dismissed because the Complaint fails to set forth sufficient facts giving rise to a cause of action.

The Second Circuit has ruled that, in order to sufficiently plead an overtime claim under the FLSA and NYLL, a plaintiff must allege that he or she performed forty hours of *work* in a *given* workweek, and some amount of uncompensated work in excess of 40 hours. *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 114-118 (2d Cir. 2013).  In reaching this conclusion in *Lundy*, the Second Circuit observed that allegations regarding the hours that the *Lundy* Plaintiffs "typically" worked were insufficient because they did not provide enough information to establish a *plausible* violation of the FLSA. *Lundy,* 711 F.3d at 114-116. Accordingly, in order to state a claim for relief under the FLSA, the Second Circuit held that:

> "In order to state a plausible FLSA overtime claim, a plaintiff must allege 40 hours of work in a *given* work-week as well as some amount of uncompensated time in excess of the 40 hours."

*Lundy,* 711 F.3d at 114.

5

In addition, as overtime claims under the NYLL are analyzed under the same legal standards as overtime claims under the FLSA, the Second Circuit also affirmed dismissal of the *Lundy* Plaintiff's NYLL overtime claims. *See Lundy,* 711 F.3d at 110 ("We also affirm the dismissal of Plaintiffs' NYLL overtime claims, which have the same deficiencies as the FLSA claims…"); *Lundy,* 711 F.3d at 117-119.

The Second Circuit has never wavered from its requirement that plaintiffs must provide some factual context that will "nudge" an overtime claim "from conceivable to plausible." *See DeJesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85, 89 (2d Cir. 2013) (Affirming dismissal of FLSA and NYLL overtime claims, pursuant to the reasoning set forth in *Lundy,* where employee alleged she worked more than 40 hours without being paid 1.5 times her rate of pay, but did not allege any particular facts as to actual number of hours or her rate of pay).[3] Although bare allegations of entitlement to overtime may raise the possibility that a plaintiff was undercompensated in violation of the wage and hour laws, they fail to state a plausible claim for relief. *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 201 (2d Cir. 2013) (Affirming dismissal of FLSA and NYLL overtime claims where Plaintiffs' allegation that they were not paid overtime was insufficient because Plaintiffs provided no facts establishing that they worked over 40 hours). Therefore, put simply, a plaintiff must allege *both* that he or she actually performed *work* for 40 hours in a week, and then *work,* of some amount over 40 hours, for which he or she was not compensated. *See Ramos v. New York City Fire Dept.,* No. 13-9225, 2014 WL 2111687 at * 3 (S.D.N.Y. May 9, 2014).

---

[3] Specifically, in *Dejesus*, the Second Circuit observed that the threadbare complaint "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleg[ed] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." Accordingly, Dejesuss' "FLSA and NYLL claims were therefore inadequate and properly dismissed." *Dejesus*, 726 F.3d at 89.

In the wake of *Lundy*, *Nakahata,* and *DeJesus*, District Courts in this Circuit have not hesitated to dismiss vaguely plead overtime claims. *Johnson v. Equinox Holdings, Inc.,* 2014 WL 3058438, *4 (S.D.N.Y. 2014) (overtime claim dismissed where plaintiff's allegation that between 2006 and 2011 he "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock"); *Perkins v. 1199 SEIU United Healthcare Workers East,* 2014 WL 4651951, *9 (S.D.N.Y. 2014) (dismissal granted where accepting as true plaintiff's allegations that he was required to work during his lunch breaks, he worked exactly 40 hours per week, not overtime hours); *Ramos v. City of New York Fire Dept.,* 2014 WL 2111687, *5 (S.D.N.Y. 2014) (claim dismissed where plaintiff fails to allege that he or she worked more than 40 hours during a week); *Amponin v. Olayan America Corp.,* No. 14-CV-2008 (TPG), 2015 WL 1190080, * 3-4 (S.D.N.Y. 2015) (dismissing overtime claim where plaintiff alleged that she "generally worked from 9 a.m. to 7 p.m., and occasionally later," because plaintiff did not identify a specific week during which she worked more than 40 hours, nor the specific number of hours she worked during any such week.); *Sipteri v. Russo,* No. 12-2780, 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013) (Plaintiff's allegation that he "worked approximately fifty (50) to sixty (60) hours per week" was not sufficient because by pleading hours in the aggregate, the Court could not determine which hours were not paid and whether any unpaid hours qualify for overtime payment.); *Gisomme v. HealthEx Corp., No 13 CV 2541 (LDW)(WDW),* 2014 WL 204184, at * 2 (S.D.N.Y. May 15, 2014) ("Plaintiffs allegation of an 'average' of 50 hours or more is insufficient to state a claim for failure to pay overtime compensation 'in a given workweek'.").

Here, the Wage and Hour Plaintiffs allege only that they "worked in excess of forty (40) hours a week, yet Defendants willfully failed to pay them overtime compensation of one and one

7

half times their regular hourly rate." *See* Complaint, at ¶ 36. Plaintiffs plead no facts establishing the amount of straight time and overtime hours they worked, or detailing the compensation they received. Likewise, Plaintiffs plead no facts establishing the amount of hours that were compensated, and the amount of hours that were allegedly uncompensated. *Lundy, Nakahata, Dejesus,* and their progeny make it clear that these vague allegations, which merely recite language lifted from the FLSA, are insufficient to support a claim for unpaid overtime. *See Nakahata,* 723 F.3d at 199 (Dismissal of overtime claims affirmed where Plaintiffs alleged "Plaintiffs and Class members regularly worked hours both under and in excess of forty per week and were not paid for all of those hours.").

Ultimately, Plaintiffs' allegations do nothing to nudge their overtime claims from the conceivable to plausible. Plaintiffs cannot shirk this Circuit's mandate that they use their "memory and experience to provide the court with sufficiently developed factual allegations." *DeJesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85, 90 (2d Cir. 2013). Accordingly, because the Complaint fails to provide any factual detail, including, but not limited to, its failure to specify the number of straight time and alleged overtime hours Plaintiffs worked in a given week, Plaintiffs' overtime claims under the FLSA and NYLL must be dismissed.

## POINT II

## PLAINTIFFS CANNOT STATE A CLAIM THROGH IMPERMISSABLE "GROUP PLEADING"

Plaintiffs' claims against the Corporate Defendants[4] and New Fresh must be dismissed because Plaintiffs fail to specify any facts giving rise to a specific cause of action against each of them.

Fed R. Civ. P. 8 provides that a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. However, "threadbare recitals of the elements of a cause of action do not suffice to state a claim as Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. To meet this standard, Plaintiffs must allege enough facts regarding each Defendants' involvement to state a facially plausible claim for relief against each Defendant. *See Bell Atl. Corp.*, 550 U.S. at 570.

Here, Plaintiffs' shoddily drafted Complaint appears to claim that the Corporate Defendants and New Fresh are liable as part of a "single business enterprise" (a/k/a "integrated enterprise") *See* Complaint, at ¶ 32, and as Plaintiff's "employers" under the FLSA and NYLL. *See* Complaint, at ¶¶ 31, 37, 98-105, 106-110. As will be demonstrated below, Plaintiffs fail to state a claim for relief against the Corporate Defendants and New Fresh under either theory.

### A. Plaintiffs Plead No Facts Establishing the Existence of an Integrated Enterprise.

Courts in this Circuit are split as to whether the "integrated enterprise" theory is available in an FLSA action. Several Courts have prohibited the use of the theory entirely on the basis that the factual elements that establish the existence of an "integrated enterprise" do not necessarily

---

[4] The term "Corporate Defendants" refers to Defendants Fresh Diet Express Corp., The Fresh Diet – NY, Inc., Fresh Diet Grab & Go, Inc., YS Catering Holdings, Inc., and YS Catering, Inc.,

establish that each participant in the "enterprise" was an "employer" under the FLSA. *See Hart v. Rick's Caberet Int'l Inc.,* 967 F.Supp.2d 901, 940 n. 16 (S.D.N.Y. 2013) (rejecting the use of the integrated enterprise theory in an FLSA action and observing that "the integrated enterprise test is inapposite because an 'enterprise' is not always coextensive with an 'employer' under the FLSA"); *Lopez v. Acme Am. Envtl. Co.,* No. 12 CV 511 (WHP), 2012 WL 6062501, at 4-5 (S.D.N.Y. Dec., 6 2012) (same). Accordingly, Courts have increasingly favored the "economic realities" analysis to determine if an employment relationship exists. *Hart,* 967 F.Supp.2d at 940 n. 16 ("The Court is persuaded that, in this Circuit, the economic reality test, consisting of the formal and functional inquiries, is instead used.")

Defendants assert that, for the aforementioned reasons, the "integrated enterprise" theory is not available to Plaintiffs. However, assuming *arguendo* that the theory applies, Plaintiffs fail to state a claim for relief.

To determine whether distinct entities operate as a single "integrated enterprise," courts consider whether there is: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *See Juarez v. 449 Rest. Inc.,* 29 F.Supp.3d 363, 367 (S.D.N.Y. 2014). Accordingly, to state a claim, a plaintiff must allege facts giving rise to the existence of an integrated enterprise, and not mere conclusory allegations. *See Morangelli v. Chemed Corp,* 922 F.Supp.2d 278 (E.D.N.Y. 2013) (Plaintiffs failed to establish the existence of an integrated enterprise because they did not adduce that parent company had "control over labor relations"); *Santana v. Fishlegs, LLC,* No. 13 Civ. 01628 (LGS), 2013 WL 5951438 (S.D.N.Y. Nov. 7, 2013) ("integrated enterprise" claim against five restaurants, in which Plaintiffs never worked, dismissed due to Plaintiff's failure to allege facts establishing that the same unlawful practices existed at those locations).

Here, Plaintiffs' complaint does not allege a single fact giving rise to the existence of an "integrated enterprise." Instead, Plaintiffs baldly allege that "Defendants are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals." *See* Complaint, at ¶ 31. Simply put, Plaintiffs' "integrated enterprise" claims against New Fresh and the Corporate Defendants cannot be supported by a lone conclusory allegation. Accordingly, Plaintiffs' "integrated enterprise" claims against the Corporate Defendants and New Fresh must be dismissed.

### B. Plaintiffs Plead No Facts Establishing that the Corporate Defendants and New Fresh are Plaintiffs' Employers.

Defendants do not dispute, for the purposes of this motion, that the "economic realities" analysis is the proper method used to determine if an entity is an "employer" for the purposes of the FLSA and the NYLL.

Pursuant to the "economic realities" analysis, to determine whether a particular Defendant acted as an employer, Plaintiffs must establish that the Defendant: (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 67 (2d Cir. 2003).

Here Plaintiffs fail to plead any facts establishing that the Corporate Defendants and New Fresh are their employers.

### i. *Plaintiffs' State No Claim Against the Corporate Defendants*

Defendants have repeatedly raised concerns regarding Plaintiffs' failure to plead facts that, if taken as true, establish that each Defendant was an "employer" for the purposes of the FLSA and NYLL. In response to this, in the latest round of amendments to their pleadings,

Plaintiffs have set forth somewhat more than bare allegations as it relates to their alleged employment relationship with Late Night and The Fresh Diet. *See* Complaint, at ¶¶ 52-82.[5] However, Plaintiffs have not alleged a single fact establishing that the Corporate Defendants and New Fresh are Plaintiffs' "employers."

Instead, Plaintiffs' merely allege that the Corporate Defendants are "former business partners" of The Fresh Diet. *See* Complaint, at ¶¶ 18-22. This sole allegation, besides being deliberately vague, does not remotely relate to any factor in the economic realities analysis. To establish that the Corporate Defendants are Plaintiffs' employers, Plaintiffs must allege facts, and not simply conclusions, establishing that each of them: (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. As Plaintiffs fail to do so, their claims against the Corporate Defendants must be dismissed.

    ii.   <u>*Plaintiffs' State No Claim Against New Fresh*</u>

Plaintiffs Complaint alleges that New Fresh purchased The Fresh Diet in 2016. *See* Complaint, at ¶ 24. There is not a single allegation in the Complaint establishing that any of the Plaintiffs were employed by Defendants at that time.[6] Naturally, if Plaintiffs were not employed by Defendants at the time New Fresh acquired Fresh Diet, it follows that New Fresh could not

---

[5] Defendants do not concede that the Complaint adequately pleads that Late Night and The Fresh Diet were Plaintiffs' employers. However, Defendants do not seek dismissal of Plaintiffs' claims against Late Night and The Fresh Diet on this basis.

[6] At the Initial Conference in this matter, Plaintiffs' counsel informed Magistrate Judge Cott that none of the Plaintiffs were employed by Defendants at the time Innovative acquired Fresh Diet in 2014 or when Innovative sold its interest in Fresh Diet to New Fresh in 2016. Although the Complaint does not state when Plaintiff's employment ended, the last two pleadings filed by Plaintiffs refers to Plaintiffs' employment in the past tense, thereby admitting that none of the Plaintiffs were employed by Defendants after September 25, 2015. *See* Dkt. # 31 at ¶ 32; Complaint, at ¶ 33.

12

have been Plaintiffs' "employer" for the purposes of the FLSA and NYLL. This fact alone is fatal to Plaintiffs' claims against New Fresh.

Assuming Plaintiffs could somehow circumvent this temporal reality, the Complaint pleads no facts relating to New Fresh that if taken as true, satisfy the "economic realities" analysis necessary to conclude that New Fresh was Plaintiffs' employer. This provides an independent basis for dismissal of Plaintiffs' claims against New Fresh.

The only factual allegations discussing New Fresh's alleged involvement consist of a series of paragraphs in which Plaintiffs claim, upon information and belief that "The Fresh Diet – whether independent, owned by Innovative, or owned by New Fresh" has always: 1) been a business that prepares meals for delivery to its customers; 2) has always employed the same core group of individuals; 3) has always demanded of its delivery drivers the same responsibilities; and 4) has always used the same equipment and methods of production. *See* Complaint, at ¶¶ 94-97. Despite the creative manner in which Plaintiffs' allegations are phrased, the core facts alleged in these statements relate solely to Fresh Diet's activities. They do not, in any way, remotely establish that New Fresh was Plaintiffs' employer.

Accordingly, for all of the foregoing reasons, Plaintiffs' claims against New Fresh must be dismissed.

## CONCLUSION

Defendants respectfully request that the Court grant Defendants' motion and award Defendants such other and further relief as the Court deems just and proper.

Dated:   Woodbury, New York
         June 24, 2016

                          Respectfully submitted,

                          KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
      Jeffery A. Meyer, Esq.
      Aaron N. Solomon, Esq.
*Attorneys for Defendants The Fresh Diet, Inc., Late Night Express Services, Inc., Fresh Diet Express Corp., The Fresh Diet – NY, Inc., Fresh Diet Grab & Go, Inc., YS Catering Holdings, Inc., YS Catering, Inc., Fresh Diet Express Corp., New Fresh Co., LLC., Syed Hussan, Judah Schloss, and Zalmi Duchman*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

4813-3222-5843, v. 1

14