UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                    :
FERNANDO HERNANDEZ, JUANY           :
GUZMAN, BRANDON ROSE, IRVING        : Case No.: 15-CV-1338 (ALC)
COLLADO, ANDRES SALAS, BENGALY:
KONATE, MICHAEL J. RODEIGUEZ,       :
WILTON A. DARDAINE, and JUAN        :
CORREA,                             :
                                    :
            Plaintiffs,             :
                                    :
         -- against --              :
                                    :
THE FRESH DIET, INC., LATE NIGHT    :
EXPRESS COURIER SERVICES, INC.      :
(FL), FRESH DIET EXPRESS CORP.      :
(NY), THE FRESH DIET – NY INC. (NY), :
FRESH DIET GRAB & GO, INC. (FL)     :
a/k/a YS CATERING HOLDINGS, INC.    :
(FL) d/b/a YS CATERING, INC. (FL),  :
INNOVATIVE FOOD HOLDINGS, INC.      :
(FL), FRESH DIET EXPRESS CORP. (FL),:
SYED HUSSAIN, Individually, JUDAH   :
SCHLOSS, Individually, and ZALMI    :
DUCHMAN, Individually,              :
                                    :
            Defendants.             :
------------------------------------------------------x

**DEFENDANT INNOVATIVE FOOD HOLDINGS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT**

FEDER KASZOVITZ LLP
845 Third Avenue
New York, New York 10022
Telephone: (212) 888-8200

Attorneys for Defendant
Innovative Food Holdings, Inc.

<u>Of Counsel</u>:
Howard I. Rhine
David Sack

**Table of Contents**

|  |  | Page |
|---|---|---|
| Introduction | | 1 |
| Summary of Argument | | 2 |
| Statement of Facts | | 3 |
| ARGUMENT | | 5 |
| I. | THIS ACTION SHOULD BE DISMISSED AS AGAINST INNOVATIVE | 5 |
| | A. Pleading Standards/Plausible Claims | 5 |
| | B. Group Pleading | 6 |
| | C. Joint Employer | 9 |
| II. | DISMISSAL SHOULD BE WITH PREJUDICE | 10 |
| Conclusion | | 13 |

i

## Table of Authorities

**Cases**                                                                      **Page**

*Amponin v. Olayan America Corp.*,
2015 WL 1190080 (S.D.N.Y. Mar. 16, 2015). ................................................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937 (2009)...................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955 (2007)...................................................................... 5

*DeJesus v. HF Management Services, Inc.*,
726 F.3d 85 (2d Cir. 2013)............................................................................. 3, 6

*Diaz v. Consortium for Worker Education Inc.*,
2010 WL 3910280 (S.D.N.Y. Sep. 28, 2010)............................................................ 7

*Gisomme v. Healthcorp*,
2014 WL 2041824 (E.D.N.Y. May 15, 2014) ............................................................ 7

*Irizarry v. Catsimatidis*,
722 F.3d 99 (2d Cir. 2015)............................................................................. 7

*Lopez v. Acme American Environmental Co.*,
2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ......................................................... 6, 8

*Lundy v. Catholic Health System of Long Island*,
711 F.3d 106 (2d Cir. 2013)......................................................................... 3, 5

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
723 F.3d 192 (2d Cir. 2013)......................................................................... 5

*Paz v. Piedra*,
2012 WL 12518495 (S.D.N.Y. Jan. 11, 2012) ......................................................... 6

*Tracy v. NVR, Inc.*,
667 F. Supp.2d 244 (W.D.N.Y. 2009)................................................................. 7, 9

*Zheng v. Liberty Apparel Co.*,
355 F.3d 61 (2d Cir. 2003)........................................................................... 6, 9

*Zhou v. Wu*,
2015 WL 925962 (S.D.N.Y. Mar. 3, 2015) ............................................................ 7, 9

ii

**Rules**

Fed. R. Civ. P. 8.............................................................................................. 3, 7, 12

Fed. R. Civ. P. 11............................................................................................ 10, 12

Fed. R. Civ. P. 12(b)(6)................................................................................ 1, 3, 8, 10

Defendant Innovative Food Holdings, Inc. ("Innovative"), by its undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss Plaintiffs' *Third* Amended Complaint (the "TAC") (their *fourth!* attempt to plead a claim against Innovative) pursuant to Fed. R. Civ. P 12(b)(6).

## Introduction

In the latest installment of what appears to be an unending series, Plaintiffs, on their *fourth* attempt, fail to plead any facts pertaining to Innovative that may be actionable in this proceeding. Taking the allegations of the TAC as true, as this Court must on a motion directed to the pleadings, not a single operative fact alleged in the TAC could conceivably give rise to a wage and hour or retaliation claim against Innovative. Plaintiffs do not allege that they were ever employed by Innovative, or that Innovative had an ownership interest in their employer at the time of the alleged unlawful conduct. Plaintiffs do not assert that Innovative is liable under the joint employer doctrine.

In an attempt to mask this fatal flaw, Plaintiffs improperly rely on group pleading to include Innovative among the entities they accuse of wrongdoing when they and their counsel are aware that those allegations pre-date Innovative's ownership interest in their alleged indirect employer, and that those allegations, therefore, *cannot be true as against Innovative*. As demonstrated herein, no plausible facts are alleged in any of the four iterations of the Complaint to support Innovative's participation in the alleged wrongdoing such that even if group pleading were permissible – which it is not – such allegations would have to be dismissed as against Innovative. In sum, Plaintiffs have named Innovative as a Defendant herein in bad faith, and without a plausible basis in fact or in law to impute liability to Innovative, and Plaintiffs' counsel, having signed all four pleadings, should be held accountable. Accordingly, not only

should the TAC be dismissed as to Innovative with prejudice, but the Court should also address Plaintiffs' and their counsel's frivolous and sanctionable conduct.

## Summary of Argument

Plaintiffs Hernandez, Guzman, and Correra assert claims for retaliatory termination in violation of the FLSA and New York Labor Law (the "NYLL"). Plaintiffs Rose, Collado, Salas, Konate, Rodriguez, Dardaine, and Correra assert wage and hour claims pursuant to the FLSA and NYLL. Plaintiffs allege that the misconduct about which they complain took place as early as 2007, but in no event later than March 15, 2013.[1]

As to Innovative, Plaintiffs allege that Innovative is a publicly traded Florida corporation that purchased a subsidiary corporation (Defendant The Fresh Diet, Inc., or "Fresh") that may have – prior to Fresh's acquisition by Innovative in August 2014 – been affiliated with yet another corporation (Defendant Late Night Courier Express Services, Inc., or "Late Night") which was Plaintiffs' employer and stands accused of the statutory violations asserted in the TAC. After owning Fresh for approximately a year and a half, Innovative sold 90% of its interest in that company to New Fresh Co., LLC, a Florida LLC controlled by one of Fresh's founders ("New Fresh"). Plaintiffs allege that New Fresh continues to operate the business of Fresh.

Significantly, the TAC *fails* to plead:

- That Innovative employed any of the Plaintiffs at any time;

- That Innovative was required to, but failed to pay wages to the Plaintiffs;

- That Innovative was involved in any retaliatory conduct;

---

[1] Conveniently, the TAC does not allege when each Plaintiff was employed and ceased employment, or when their claims arose.

- That Innovative controlled Fresh or Late Night while Plaintiffs were employed by Late Night;

- That Innovative was the employer of any of the individual Defendants at any time; or

- That Innovative could otherwise be held to have had control or authority over Plaintiffs' employment since the operative facts giving rise to Plaintiffs' putative claims arose years before Fresh was purchased by Innovative.[2]

Because the TAC fails to make a single operative allegation against Innovative that could support liability as to any of the three claims asserted therein (federal wage and hour, state wage and hour, and federal and state retaliation), this action should be dismissed as against Innovative pursuant to Fed. R. Civ. P. 12(b)(6).

## Statement of Facts

The TAC alleges that Plaintiffs were employed by "Defendants" as food delivery employees beginning in or about 2007. (TAC ¶ 33) Plaintiffs allege that they "often" worked in excess of 40 hours per week, and Defendants failed to pay them compensation of one and one-half times their regular hourly wages as overtime, in violation of the federal Fair Labor Standards Act and New York Labor Law. (TAC ¶ 36) Plaintiffs allege that Defendants Fresh and Syed Hussain ("Hussain") were responsible for the terms and conditions of Plaintiffs' employment, and were responsible for the failure to pay the statutorily required wages. (TAC ¶¶ 38-39) The TAC fails to allege specific facts with regard to the number of hours *any* Plaintiff worked in *any* given week. The TAC fails to identify any week in which any Plaintiff worked more than 40

---

[2] The TAC also fails to plead, to the standards of Fed. R. Civ. P. 8 as interpreted by the Supreme Court in *Twombly* and *Iqbal*, and as applied by the Second Circuit in *DeJesus v. HF Management Services, Inc.*, 726 F.3d 85, 88 (2d Cir. 2013), and *Lundy v. Catholic Health System of Long Island*, 711 F.3d 106, 114 (2d Cir. 2013), that any of the individual Plaintiffs worked more than 40 hours in any given week, and that the Defendants, as a group or individually, failed to compensate them accordingly. Accordingly, *all* of Plaintiffs' wage and hour claims should be dismissed pursuant to Fed. R. Civ. P 12(b)(6).

3

hours, the number of hours such Plaintiff worked, and that any Plaintiff was not paid the proper statutory wage over the course of any given week. The TAC fails to allege that *any* Plaintiff was employed by any Defendant as of August 15, 2014.

Plaintiffs Hernandez, Guzman, and Correra do allege that they were terminated on June 26, 2012, June 28, 2012, and March 15, 2013, respectively, in retaliation for their participation or attempted participation in a prior lawsuit brought against, *inter alia*, Fresh and Late Night (but not Innovative), No. 12-cv-4339 ("Hernandez I"). (TAC ¶¶ 43, 44, 48) Plaintiffs allege that these terminations are in violation of the FLSA and NYLL. (TAC ¶¶ 45, 50, 51)

Plaintiffs allege that Late Night and Fresh were joint employers of Plaintiffs. (TAC ¶¶ 52-82) Plaintiffs do not allege that Innovative was a joint employer of Plaintiffs, or supply any facts that could support such a claim.

Plaintiffs allege in a conclusory fashion that all Defendants, presumably including Innovative, "are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals." (TAC ¶ 32) This allegation is contradicted by Plaintiffs' allegation that, following August 15, 2014, Fresh was "subject to the oversight of Innovative's board of directors and Innovative's President and Chief Executive Officer," (TAC ¶ 84),[3] at which point, Defendant Zalmi Duchman "sold his ability to control The Fresh Diet." (TAC ¶ 85) The TAC alleges that "Innovative controlled all aspects of The Fresh Diet, including but not limited to, its operations, the hiring and firing of employees, the payment of wages, and legal issues." (TAC ¶ 86) This allegation, as a matter of common sense, even if true, can relate only to events that occurred subsequent to August 15, 2014, the date Innovative acquired Fresh, and

---

[3] Duchman, Schlass, and Hussain are neither directors nor officers of Innovative. If they are the "core group of individuals" who managed Defendants prior to the acquisition, TAC ¶ 32 is necessarily false.

not to any acts that pre-dated the acquisition, including Plaintiffs' employment, Defendants' alleged wrongful termination of Plaintiffs, and Defendants' alleged failure to pay statutory overtime pursuant to the FLSA. Plaintiffs do not allege that Innovative's purported control of Fresh pre-dated its acquisition of Fresh on August 15, 2014 (*c.f.*, TAC ¶ 83), or that its alleged "control" or "management" of employment and wage matters extended to the acts and omissions of which Plaintiffs complain.

**ARGUMENT**

## I.  THIS ACTION SHOULD BE DISMISSED AS AGAINST INNOVATIVE

### A.  Pleading Standards/Plausible Claims

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). In the FLSA context, this means that each Plaintiff must allege that he or she was employed by each Defendant (for purposes of this motion, Innovative), and that he or she worked more than 40 hours in a week, and was uncompensated for the time worked in excess of 40 hours, in other words, the operative criteria relating to the FLSA must be pleaded as to each Defendant. *Lundy*, 711 F.3d at 114 (citing *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)). *See Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013) (to satisfy the federal pleading standard, an FLSA plaintiff must plead with specificity the hours of unpaid work sufficient to support a plausible inference that he or she worked for more than 40 hours in a given week); *Amponin v. Olayan America Corp.*, 2015 WL 1190080 at *3-4 (S.D.N.Y. Mar. 16, 2015).

In addition to pleading facts giving rise to a plausible claim of hours worked, Plaintiffs are required to plead plausible facts identifying their employer. *DeJesus*, 726 F.3d at 90 (a plaintiff must identify his or her employer for the purposes of the FLSA, or allege sufficient facts to plausibly identify the defendant as the employer under the statute).

Here, no facts are pleaded to give rise to a plausible claim that Innovative employed Plaintiffs. Nor could Plaintiffs plead such facts. The TAC concedes that the operative facts upon which Plaintiffs' claims are based took place no later than March 2013. Indeed, the last date that Plaintiffs allege any conduct directed at them took place (here, the alleged retaliation) is March 15, 2013, (TAC ¶ 48), more than a year prior to Innovative's acquisition of Fresh. (TAC ¶ 83) It is thus implausible, if not impossible, for Plaintiffs to claim that Innovative had any involvement with their wages, that Innovative failed to pay wages required by statute, or that Innovative fulfilled any of the other criteria required for a finding of liability under the FLSA.

Because the TAC fails to allege any facts that could plausibly support a claim against Innovative, either for a wage and hour violation, or for a retaliation claim, Innovative should be dismissed from this lawsuit.

### B.    Group Pleading

"The mere fact that each corporate defendant is owned in whole or major part by the same persons does not permit the Court to disregard their distinct legal status . . . a mere business partner [] of a worker's direct employer is not also that worker's employer." *Paz v. Piedra*, 2012 WL 12518495 at *7 (S.D.N.Y. Jan. 11, 2012) (citing *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003)). *See Lopez v. Acme American Environmental Co.*, 2012 WL 6062501 at *4 (S.D.N.Y. Dec. 6, 2012) ("Plaintiffs cannot escape their obligation under the FLSA to allege to allege a relationship of control between [the moving defendants] and themselves. Allegations of

6

common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees").

It is clear that "group pleadings" do not satisfy the pleading requirements under Fed. R. Civ. P. 8 and the FLSA, and that such inadequate pleadings serve as a basis to grant a dismissal at the pleading stage. *See, e.g.*, *Zhou v. Wu*, 2015 WL 925962 at *3 (S.D.N.Y. Mar. 3, 2015); *Tracy v. NVR, Inc.*, 667 F. Supp.2d 244, 247 (W.D.N.Y. 2009); *Gisomme v. Healthcorp*, 2014 WL 2041824 at *3-4 (E.D.N.Y. May 15, 2014); *Diaz v. Consortium for Worker Education Inc.*, 2010 WL 3910280 at *4 (S.D.N.Y. Sep. 28, 2010).

The operative allegations against Innovative can be summarized as follows: Innovative owned Fresh, and was its corporate parent for a period of approximately a year and a half, commencing nearly two years, and perhaps even longer, after the alleged statutory violations took place. (TAC ¶¶ 23, 32, 83, 84, 86, 87) These allegations of ownership, without any factual allegations relating to the underlying violations, cannot support a claim. *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2015) ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions *that have nothing to do with an employee's function* is insufficient to demonstrate 'employer' status. Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' *in a manner that relates to a plaintiff's employment*") (emphasis added, internal citations omitted). The circumstances, and degree of control exercised by the owner under which the Court in *Catsimatidis* found him to be a joint employer only further highlights the pleading deficiencies of the TAC, which identifies not a single fact that could support such an inference as to Innovative prior to its acquisition of Fresh, much less after.

7

Here, Plaintiffs do not and cannot allege that Innovative exercised any control over them when they were employees. Nor can they, as they concede that Innovative did not even enter the picture until well over a year, and perhaps longer, after the last alleged wrongful act took place. (TAC ¶ 83) Thus, as applied to Innovative, Plaintiffs' conclusory allegation (upon information and belief, no less!) that "Defendants are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals" (TAC ¶ 32), is of no matter, even if it were true, which it is not, because they fail to make the crucial allegation that such ownership or management *related to their employment, which terminated years before Innovative's involvement as an owner*.

Thus, the allegations of the TAC are insufficient, as a matter of law, to state a claim against Innovative. Plaintiffs state no plausible theory as to how Innovative could possibly have owned, managed, or controlled their employment prior to its acquisition of Fresh.[4] Because Plaintiffs cannot be given the benefit of group pleading as to all Defendants, *Lopez*, 2012 WL 6062501 at *5, and because they make no particularized allegation that Innovative could plausibly have controlled their work conditions or the payment of their wages, the TAC must be dismissed as against Innovative.

---

[4] Plaintiffs' conclusory "group pleading" allegation is also flatly contradicted by their own complaint. Plaintiffs allege that Defendants Hussain, Duchman, and Schlass controlled Fresh and Late Night, and were thus their employers under the statute during the time period the alleged violations took place (TAC ¶¶ 25-30), and then allege that as of August 2014 – long after the alleged unlawful conduct took place – Duchman lost his ability to control Fresh, which was controlled by Innovative instead. (TAC ¶¶ 84-85) Aside from the fact that Plaintiffs' allegations are factually untrue – an argument Innovative is foreclosed from making on this Rule 12(b)(6) motion – the TAC itself concedes that Innovative had no control over Plaintiffs' employment at any time they were employees.

8

## C.    Joint Employer

Seeking to justify their group pleading under the joint employer doctrine, Plaintiffs allege that Late Night and Fresh (along with Duchman, Schlass, and Hussain) were their joint employers, and are therefore all liable for the alleged FLSA and NYLL violations. (TAC ¶¶ 52-82) There is no allegation, however, and certainly no facts, that plausibly state a claim against Innovative as a joint employer. In fact, Plaintiffs do not allege that Innovative was a joint employer – they allege that "Defendants Late Night and The Fresh Diet were Joint Employers of Plaintiffs." (TAC, heading at p. 9) This should end the inquiry with respect to Innovative.

But even if the Court chooses to analyze the substance of the allegations further, it will be apparent that no joint employer allegations are made against Innovative. In order to be liable as a joint employer, Plaintiffs must plead sufficient *facts* as to each party defendant to which they seek to impute liability that support the allegation that the factors set forth in *Zheng* will support a finding of joint control. 355 F.2d at 76.[5] It is insufficient to plead generalized or conclusory allegations that fall within the *Zheng* factors, as Plaintiffs have done here with respect to Fresh (again, Plaintiffs do not even make *conclusory* allegations of the *Zheng* factors with respect to Innovative). (TAC ¶¶ 52, 54, 56, 58, 63, 68, 73, 74) *See Zhou*, 2015 WL 925962 at *3 (dismissing the action where plaintiff pleaded only conclusory allegations conforming to the *Zheng* factors without any facts that would support indicia of control); *Tracy*, 667 F. Supp.2d at 247 ("boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details – essentially 'a

---

[5] The *Zheng* factors set forth the "economic reality" test, and include whether the workers work at the putative joint employer's premises and use its equipment; whether the workers perform services for both entities; whether the work is integral to the putative joint employer's business; whether the joint employer has responsibility for the workers' performance; whether the putative joint employer supervised the workers; and whether the workers worked exclusively or predominantly for the putative joint employer. 355 F.3d at 71-72.

formulaic recitation of the elements of a cause of action' are insufficient to raise plaintiffs' right to relief 'above a speculative level'") (internal citations omitted).

Because the TAC fails to make a single factual allegation that would support a plausible claim that Innovative is liable for any of the alleged violations that underlie this action, the TAC fails as a pleading, and must be dismissed as a matter of law on its face pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    DISMISSAL SHOULD BE WITH PREJUDICE

This is Plaintiffs' *fourth* attempt to plead facts that could give rise to liability on the part of Innovative, and Innovative has been put to considerable expense in having to deal with each iteration of the Complaint.[6]  Plaintiffs have been given *three* prior opportunities to cure the defects in the TAC's prior iterations, but have failed to do so.  The reason is simple:  it cannot be done.  At this point, it should be obvious to the Court, to the extent that it is not already obvious to Plaintiffs, that there are no facts that Plaintiffs could plausibly plead within the bounds of Fed. R. Civ. P. 11 that would give rise to liability on the part of Innovative for actions that occurred well prior to its involvement in Fresh's business.  That Plaintiffs persist in their attempt to manufacture claims against Innovative when none can be supported by the underlying facts is indicative of their bad faith, or perhaps petulance of counsel, who blames Innovative for the fact that his clients have not yet been paid the settlement funds in Hernandez I (TAC ¶ 90), which, of

---

[6] Although this is Innovative's first formal motion directed at a pleading, it has made submissions to the Court, and participated in conferences involving prior iterations of the Complaint. Unfortunately, Plaintiffs' counsel has learned of the substantial factual and legal weaknesses of his pleadings from Innovative's submissions, and has attempted to plead the TAC to overcome those deficiencies without regard to the truth of the allegations.  While the Court must accept the facts as pleaded at this stage of the litigation, it should not turn a blind eye to Plaintiffs' counsel's continuing efforts to cast and re-cast his pleadings so that they survive a motion, without regard to the truthfulness of the factual assertions, which should have been based on a good faith investigation of the facts pursuant to Fed. R. Civ. P. 11(b)(3).

course, is irrelevant to the Court's determination of the sufficiency of the pleading in this action. Either way, Plaintiffs' continued persistence in pursuing legally deficient claims is outrageous, sanctionable, and should, at the very least, give rise to a full dismissal with prejudice to prevent Plaintiffs' counsel from continuing to assert meritless claims against Innovative, which admittedly took no part in the alleged underlying statutory violations.  (TAC ¶ 83)

As the accompanying chart of allegations (Appendix A to this memorandum) demonstrates , each iteration of the Complaint contains virtually identical operative allegations with respect both to the wage and hour claims and the retaliation claims.  Each contains an identical allegation regarding Innovative's corporate status and state of incorporation (Complaint ¶ 22; First Amended Complaint ("FAC") ¶ 23; Second Amended Complaint ("SAC") ¶ 23; and TAC ¶ 23), followed by an improper group pleading allegation, lumping Innovative in with the other named Defendants by claiming that "Defendants are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals."  (Complaint ¶ 27; FAC ¶ 28; SAC 31; TAC ¶ 32)

Thereafter, the operative allegations of the Complaint are pleaded in the plural ("Defendants employed," "Defendants refused to pay," "Defendants knew," etc.[7]) without bothering to delineate activities undertaken by Innovative, Fresh, Late Night, or the individual Defendants.[8]  (Complaint ¶¶ 29, 30, 33, 45; FAC ¶¶ 30, 31, 34, 41, 42, 46, 51; SAC ¶¶ 35, 36,

---

[7] Other examples of improper group pleading are set forth in Appendix A.

[8] While not germane to this motion, Plaintiffs' evolving allegations regarding Defendant Hussain provide a perfect illustration of why dismissal should be with prejudice. (*See* Appendix A, p.3)  In the Complaint and FAC, Plaintiffs allege that Hussain was and is the New York Regional Delivery Manager of Fresh.  (Complaint ¶ 23; FAC ¶ 24)  This contradicts Plaintiffs' own contention, in Hernandez I, that Hussain was the Delivery Manager for Late Night, which contention was made by Plaintiffs' counsel in his own Rule 56.1 Statement in connection with the cross-motions for summary judgment, and adopted by the Court in its Decision on the summary judgment motion, *viz.*, that Hussain was the New York Regional Manager of Late

39, 40, 42, 43, 44; TAC ¶¶ 36, 37, 40, 41, 43, 44, 45, 48)  Aside from the impropriety of group

pleading for multiple Defendants with regard to FLSA claims, as more fully set forth above,

Plaintiffs' willingness to manipulate allegations across the various iterations of the Complaint, as

well as their willingness to obscure the allegations against Innovative by lumping them in with

all other Defendants despite the fact that there is no factual basis to include Innovative in the acts

that took place before it acquired Fresh, amply demonstrates that Plaintiffs are more interested in

outcome-based pleading than on advancing truthful factual allegations that may plausibly

support the relief they seek.  Plaintiffs' novel attempt at pleading liability as to Innovative –

taking acts that indisputably occurred prior to April 2013, and imputing them to an entity that

could not have participated in them until *after* August 15, 2014 (TAC ¶ 83) – demonstrates that

they are willing to make any allegation with regard to liability, whether or not it has a factual

basis, and even if such allegation cannot possibly be true, if that allegation can be used to support

their desired outcome, which is to hold Innovative liable for acts allegedly committed by Late

Night.  This pleading stretches Fed. R. Civ. P. 8 beyond its breaking point, and makes a mockery

of the implied representations of Fed. R. Civ. P. 11(b)(3), that "the factual contentions have

evidentiary support or, if specifically so identified, will likely have evidentiary support after a

reasonable opportunity for further investigation or discovery."  This representation *cannot*, under

any circumstance, be made here.  Plaintiffs know that under any legal theory presented,

Innovative cannot be liable for the alleged FLSA and NYLL violations, and Plaintiffs' counsel

cannot have conducted a reasonable inquiry, yet Plaintiffs and their counsel persist in making

---

Night.  To "cure" this seeming contradiction, which was brought to counsel's attention in a pre-
motion letter filed by Innovative, Plaintiffs cavalierly now allege, in the SAC and TAC, that
Hussain was the Delivery Manager both for Late Night and Fresh.  (SAC ¶ 24; TAC ¶ 25)  In
other words, he just changed the allegation.  Playing fast and loose with the facts should not be
countenanced by the Court.

additional and irrelevant allegations in their amended complaints time after time after time after time.

Because the TAC is fatally deficient as it relates to Innovative, and because, as Plaintiffs' demonstrated by their multiple attempts to cure the pleading defects with *three* amendments, each of which fail to set forth any additional facts that could plausibly give rise to liability on Innovative's part, it should be obvious that further amendment would be futile, and the Court should dismiss this action as against Innovative with prejudice.

## Conclusion

For the reasons stated herein, Innovative respectfully requests that the Court grant its motion in full, dismiss this action as against it in its entirety and with prejudice, grant Innovative its costs associated with defending this frivolous pleading, including reasonable attorneys' fees, and grant Innovative such other and further relief as it deems just and proper.

Dated: New York, New York
      June 24, 2016

                      Respectfully submitted,

                      FEDER KASZOVITZ LLP

By: _____

                      Howard I. Rhine (HR-1961)
                      David Sack (DS-6532)
845 Third Avenue
New York, New York 10022
Telephone: (212) 888-8200

Attorneys for Defendant
Innovative Food Holdings, Inc.

13

# APPENDIX A

| Complaint | First Amended Complaint | Second Amended Complaint | Third Amended Complaint |
|---|---|---|---|
| ¶26 All corporate and individual Defendants separately defined m paragraphs 15 through 25 are hereinafter collectively referred to as the "Defendants" | ¶27 All corporate and individual Defendants separately defined in paragraphs 16 through 26 are hereinafter collectively referred to as the "Defendants." | ¶30 All corporate and individual Defendants separately defined in paragraphs 16 through 26 are hereinafter collectively referred to as the "Defendants." | ¶31 All corporate and individual Defendants separately defined in paragraphs 16 through 30 are hereinafter collectively referred to as the "Defendants." |
| ¶27 Upon information and belief, the Defendants are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals | ¶28 Upon information and belief, Defendants are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals. | ¶31 Upon information and belief, Defendants are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals. | ¶32 Upon information and belief, Defendants are part of a single business enterprise and are owned, controlled, and/or managed by the same core group of individuals. |

| Complaint | First Amended Complaint | Second Amended Complaint | Third Amended Complaint |
|---|---|---|---|
| ¶30 The Defendants knew that the nonpayment of overtime would economically damage Plaintiffs and violate the FLSA and the NYLL and regulations promulgated thereunder. | ¶31 Defendants knew that the nonpayment of overtime would economically damage Plaintiffs and violate the FLSA and the NYLL and regulations promulgated thereunder. | ¶36 Defendants knew that the nonpayment of overtime would economically damage Plaintiffs and violate the FLSA and the NYLL and regulations promulgated thereunder. | ¶37 Defendants knew that the nonpayment of overtime would economically damage Plaintiffs and violate the FLSA and the NYLL and regulations promulgated thereunder. |
| ¶33 Defendants were responsible for managing Plaintiffs, and were responsible for paying Plaintiffs' wages. | ¶34 Defendants are responsible for managing Plaintiffs, and are responsible for paying Plaintiffs' wages. | ¶71 Defendants The Fresh Diet and Late Night jointly were responsible for managing Plaintiffs and paying Plaintiffs' wages. | ¶72 Defendants The Fresh Diet and Late Night jointly were responsible for managing Plaintiffs and paying Plaintiffs' wages |
| ¶40 Throughout all relevant time periods, upon information and belief, the Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA. | ¶41 Throughout all relevant time periods, upon information and belief, Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA. | ¶39 Throughout all relevant time periods, upon information and belief, Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA. | ¶40 Throughout all relevant time periods, upon information and belief, Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA. |
| ¶51 At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to their New York City tri-state metropolitan area food delivery employees for their hours worked in excess of forty (40) hours per workweek. | ¶56 At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their New York City tri-state metropolitan area food delivery employees for their hours worked in excess of forty (40) hours per workweek. | ¶85 At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their New York City tri-state metropolitan area food delivery employees for their hours worked in excess of forty (40) hours per workweek. | ¶101 At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their New York City tri-state metropolitan area food delivery employees for their hours worked in excess of forty (40) hours per workweek |

| | | | |
|---|---|---|---|
| ¶52 As a result of the Defendants' willful failure to compensate its New York City tristate metropolitan area food delivery employees, including Wage and Hour Plaintiffs, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, the Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a). | ¶57 As a result of Defendants' willful failure to compensate its New York City tri-state metropolitan area food delivery employees, including Wage and Hour Plaintiffs, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a). | ¶86 As a result of Defendants' willful failure to compensate its New York City tristate metropolitan area food delivery employees, including Wage and Hour Plaintiffs, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a). | ¶102 As a result of Defendants' willful failure to compensate its New York City tristate metropolitan area food delivery employees, including Wage and Hour Plaintiffs, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a). |
| ¶58 The Defendants willfully violated Wage and Hour Plaintiffs rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of NYLL and its applicable regulations. | ¶63 Defendants willfully violated Wage and Hour Plaintiffs rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of NYLL and its applicable regulations. | ¶92 Defendants willfully violated Wage and Hour Plaintiffs rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of NYLL and its applicable regulations. | ¶108 Defendants willfully violated Wage and Hour Plaintiffs rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of NYLL and its applicable regulations. |
| ¶62 Defendants terminated Plaintiffs Hernandez and Guzman after they participated in a law suit against Defendants asserting their rights pursuant to the FLSA. | ¶67 Defendants terminated Plaintiffs Hernandez, Guzman and Correa because they participated in a lawsuit against Defendants asserting their rights pursuant to the FLSA and NYLL. | ¶96 Defendants terminated Plaintiffs Hernandez, Guzman and Correa because they participated in a lawsuit against Defendants asserting their rights pursuant to the FLSA and NYLL. | ¶112 Defendants terminated Plaintiffs Hernandez, Guzman and Correa because they participated in a lawsuit against Defendants asserting their rights pursuant to the FLSA and NYLL. |

| Complaint | First Amended Complaint | Second Amended Complaint | Third Amended Complaint |
|---|---|---|---|
| ¶23   Upon information and belief, Defendant Sayed Hussain ("Hussain"), was and is the New York Regional Delivery Manager of The Fresh Diet, and was and is at all relevant times, the Plaintiffs' direct supervisor.  Defendant Hussain, on behalf of Defendant The Fresh Diet, is The Fresh Diet's New York Regional Delivery Manager... | ¶24   Upon information and belief, Defendant Syed Hussain ("Hussain"), was and is the New York Regional Delivery Manager of The Fresh Diet, and was and is at all relevant times, the Plaintiffs' direct supervisor.  Defendant Hussain, on behalf of Defendant The Fresh Diet, is the Fresh Diet's New York Regional Delivery Manager. | ¶24   Upon information and belief, at all relevant times, Defendant Syed Hussain ("Hussain"), was the New York Regional Delivery Manager of Late Night and The Fresh Diet, and was and is at all relevant times, the Plaintiffs' direct supervisor. | ¶25   Upon information and belief, at all relevant times, Defendant Syed Hussain ("Hussain"), was the New York Regional Delivery Manager of Late Night and The Fresh Diet, and was and is at all relevant times, the Plaintiffs' direct supervisor. |