FEDER KASZOVITZ LLP
ATTORNEYS AT LAW

845 THIRD AVENUE
NEW YORK, NY 10022-6601

TELEPHONE: (212) 888-8200    FACSIMILE: (212) 888-7776

E-MAIL:

August 1, 2016

**VIA ECF**

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Centre Street
Room 435
New York, New York 10007

    **Re:    Hernandez v. The Fresh Diet, Inc., Case No.: 15-CV-1338 (ALC)**

Honorable Sir:

    We represent Defendant Innovative Food Holdings, Inc. ("Innovative"), and write in response to Plaintiffs' "letter motion" of Friday, July 29, 2016 (received 5:39 p.m.) seeking leave to amend their complaint for a ***FIFTH*** time and, instead of putting in a substantive response to Innovative's motion to dismiss the Third Amended Complaint, which response is due today, file a ***FOURTH*** Amended Complaint. The "letter motion" should be denied for several reasons.

    First, contrary to Your Honor's Individual Rules ((1)(D)), Plaintiffs did not confer with counsel for Innovative (or, presumably, counsel for the other Defendants) to obtain consent. Pursuant to Your Honor's Rules, this "failure to comply" should result in the "denial of the request absent good cause shown." Plaintiffs do not attempt to demonstrate good cause.

    Second, this motion is not merely about the timing of the briefing of Innovative's extant motion to dismiss, but seeks substantive relief, *i.e.*, permission to file **another new** complaint. Because Plaintiffs seek substantive relief, this motion should be governed by Your Honor's Rule 2, which requires a pre-motion conference. The conference, presumably, would give Your Honor the opportunity to question counsel for Plaintiffs about the basis for their purported "new" allegations, how those allegations differ from the ones in the existing complaint, and about Plaintiffs' repeated requests to amend their complaints rather than address the deficiencies in each of their pleadings head-on in response to Defendants' motions, as they have been doing for a better part of a year now, resulting in prejudice to Innovative in the form of delay and added cost.

    Moreover, Plaintiffs do not disclose that at the initial pre-trial conference in this case, Magistrate Judge Cott, over Defendants' objections, granted Plaintiffs permission to file yet

another amended pleading – the Third Amended Complaint – and admonished Plaintiffs to plead all of their allegations against Defendants in that document. It was based on that complaint that Defendants filed their respective motions to dismiss, the consequences of which Plaintiffs now apparently seek to avoid by filing a new complaint rather than responding to the deficiencies in the extant complaint set forth in the pending motions.

Third, Plaintiffs do not attach their proposed ***FOURTH*** Amended Complaint, nor do they explain how it purports to be different from the extant complaint.

Plaintiffs refer to a news story that appeared in connection with Defendant The Fresh Diet's ("Fresh") purported assignment for the benefit of its creditors, which is reported to have taken place in Florida. While Plaintiffs do not expressly so state, they refer, obliquely, to comments reportedly made by Fresh's new in-house counsel in Florida to the effect that Innovative caused the financial collapse of the company by making poor business decisions during the time period in which Innovative owned Fresh, **which post-dated all of the substantive allegations contained in the Complaint**, including Plaintiffs' employment and the alleged wrongs committed. These comments, obtained from newspaper reports, contain several levels of hearsay, as they are attributed by a newspaper reporter to an attorney who has no personal knowledge of the events upon which he is commenting, and it is questionable whether relying on this type of "evidence" even fulfils Plaintiffs' counsel's basic obligations pursuant to Fed. R. Civ. P. 11, which requires them to perform a good faith inquiry into the factual allegations in the pleading.

But even if the in-house counsel's comments were correct, and they are not, Plaintiffs fail to offer any explanation of how these allegations, if true, affect their claims for (1) wage and hour violations; (2) New York State Labor Law violations; and (3) retaliation, all of which allegedly took place a year prior to Innovative's acquisition of any interest in Fresh.

Moreover, the general allegations made about Innovative's purported control of Fresh were not only known to Plaintiffs prior to their filing of the Third Amended Complaint, but are affirmatively pleaded therein. Plaintiffs do not point to any "new" facts that were uncovered by media reports of Fresh's closing, other than that a new in-house counsel, with no personal knowledge, has also purportedly made similar statements. Plaintiffs do not point to any substantive investigation or due diligence they performed to ascertain the facts that may support their allegations, why such investigations could not have been performed prior to the filing of the Third Amended Complaint and the briefing of the motion to dismiss, or how their "recent" discovery of alleged "reports" would change a single allegation in the complaint.

Plaintiffs, in a footnote, also inform the Court that they are now prepared to plead the names of the Plaintiffs, their dates of employment, and the hours they allegedly worked. There is absolutely no reason why this amendment should be allowed since this information was known to counsel for Plaintiffs all along, and by omitting this information from the Third Amended Complaint, Plaintiffs deliberately flouted Magistrate Judge Cott's admonition to include **all** relevant facts in that pleading.

Because Plaintiffs' request is procedurally defective, because Plaintiffs point to no substantive facts of which they were unaware prior to their filing of the Third Amended Complaint, because Plaintiffs point to no information that is "new" or could not have previously been uncovered by appropriate diligence on their part, and because the "new" allegations Plaintiffs seek to assert have no bearing on any of the three claims for relief asserted in the Third Amended Complaint, Plaintiffs' request to file an additional amended complaint should be denied.

Finally, Plaintiffs' failures set forth above together with the utter absence of any new facts upon which they rely renders this request frivolous, designed to stave off the inevitable dismissal of their action as against Innovative, and has merely been made to delay the proceedings and force Innovative to go through the additional expense of moving to dismiss. As a result, Plaintiff should be sanctioned under 28 U.S.C. § 1927 and the Court's inherent authority, and ordered to pay to Innovative the attorneys' fees and costs it incurred in connection with the preparation and filing of the motion to dismiss the Third Amended Complaint.

Respectfully submitted,

FEDER KASZOVITZ LLP

By: _____
David Sack

cc: Walker G. Harman, Esq. (via ECF)
Jeffrey A. Meyer, Esq. (via ECF)