

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

Jeffery A. Meyer, Esq.
jmeyer@kdvlaw.com

October 3, 2016

**VIA ELECTRONIC MAIL**
The Honorable James L. Cott, U.S.M.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17C
New York, New York 10007-1312

      Re:    *Hernandez, et al. v. The Fresh Diet, Inc., et al.*
            **15 Civ. 1338 (ALC) (JLC)**

Dear Judge Cott:

      We write in response to the Court's Order, dated September 27, 2106, to request permission to file our supplemental declaration, in support of our assertion of a retaining lein, *via ex parte* submission.

      Although there is a presumption in favor of public access to court documents, the public's right of access to court documents is not absolute. Rather it is left to the discretion of the trial court which must be exercised in light of the relevant facts and circumstances of each particular case. *See Nixon v. Warner Commc'ns, Inc.* 435 U.S. 589, 597 (1978). The burden of persuading a Court to exercise its discretion to seal or redact a document rests on the party seeking such action. *DiRussa v. Dean Witter Reynolds Inc.,* 121 F.3d 818, 826 (2d Cir. 1997).

      Keeping these principles in mind, Courts routinely permit *ex parte* submission of documents in support of a motion to be relieved as counsel to preserve the confidentiality of the attorney-client relationship between a party and its counsel. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.* 464 F.Supp.2d 164, 165 (E.D.N.Y. 2006); *Weinberger v. Provident Life & Cas. Ins. Co.,* No. 97-CV-9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("it is appropriate for a court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."). Indeed, the committee notes to Local Civil Rule 1.4 endorse such a procedure. *See* Local Civil Rule 1.4 (observing that the requirement for a party's counsel to factually support an application

to withdraw is "not meant to preclude the Court from permitting the reasons for withdrawal to be stated *in camera* and under seal in an appropriate case.").

As we intend to rely upon our billing records to assert a retaining lien, our billing entries may reveal the content of our privileged communications with Defendants.  In addition, our billing entries also contain work product because they reflect research we conducted, issues we explored, and strategies that we considered during the course of the litigation of both *Hernandez* matters.

As it is utterly impracticable to sanitize our billing records of these entries, and as Defendants should not be prejudiced by the public disclosure of this information, we respectfully request permission to submit our supplemental declaration, and annexed billing records, via *ex parte* submission.

Thank you for your consideration of the foregoing.
.

        Respectfully submitted,
        Kaufman Dolowich & Voluck, LLP

        _____*s/Jeffery A. Meyer*_____
        Jeffery A. Meyer


cc:     All counsel, ECF


4829-0076-4960, v.  1