USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/17/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

Hernandez et al.,

                        Plaintiffs,        1:15-cv-01338 (ALC)

-against-                                **ORDER**

The Fresh Diet Inc. et al.,

                        Defendants.

-------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiffs bring this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for failure to pay overtime and for retaliating against certain plaintiffs for asserting rights under state and federal law. One of the Defendants, Defendant Innovative Food Holdings, Inc. ("Innovative"), has now moved to dismiss the Fourth Amended Complaint ("FAC") in its entirety, or in the alternative, against Innovative alone. For the reasons that follow, Innovative's motion to dismiss is denied without prejudice, and Plaintiffs are afforded one last time to amend the Complaint.

## BACKGROUND

      Plaintiffs are former employees for Defendants, among of which are The Fresh Diet, Inc. Late Night Express Courier Services, Inc., Syed Hussain, Judah Schloss, and Zalmi Duchman. Plaintiffs were employed as food delivery drivers at various times within the relevant statutory period up through 2013. FAC ¶¶ 34–43. Innovative did not employ the plaintiffs. In bringing this suit, certain plaintiffs (the "Wage and Hour Plaintiffs") allege that they were denied overtime pay under the FLSA and NYLL, and certain plaintiffs (the "Retaliation Plaintiffs") allege that they were retaliated against for participating in a separate action against Defendant

Fresh Diet (*Hernandez v. Fresh Diet Inc., et al*, 12-cv-4339 (S.D.N.Y.) "*Hernandez I*"). See FAC ¶¶ 1-2.[1] The Wage and Hour Plaintiffs opted in to the *Hernandez I* action, and after decertification of *Hernandez I*, commenced this instant action.[2] The Complaint provides a length of time for each Wage and Hour Plaintiff in which they were employed by Defendants and then states that each plaintiff "worked in excess of forty (40) hours each week." FAC ¶¶ 35-43. The lone exception is Plaintiff Andres Salas, where the Complaint states that "he believes that he worked in excess of sixty (60) hours each week." *Id.* ¶ 39.

On August 15, 2014, Innovative acquired Fresh Diet by reverse triangular merger, subsequent to the commencement of *Hernandez I*. FAC ¶ 93. As a result of that merger, Innovative became the sole shareholder of Fresh Diet. FAC ¶¶ 93–94. Plaintiffs allege that Fresh Diet's operations were controlled and directed by Innovative, FAC ¶ 96-101, but none of the plaintiffs were employed during the time that Innovative acquired Fresh Diet. In February 2016, Innovative arranged for and executed the sale of a controlling interest in Fresh Diet to New Fresh, which is owned by Defendant Duchman, who had sold his stake in Fresh Diet to Innovative less than two years prior. FAC ¶¶ 102–104.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content

---

[1] Only one plaintiff, Juan Correa, has alleged both failure to pay overtime and retaliation.
[2] *See Hernandez I*, ECF Nos. 82 (Brandon Rose), 56 (Irving Collado), 61 (Andres Salas), 71 (Konate Bengaly), 73 (Michael J. Rodriguez), 92 (Wilton A. Dardaine), and 91 (Juan Correa).

that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, the court will accept the plaintiff's allegations as true, *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007), and must "draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). However, the court need not accept allegations that are merely conclusions of law. *Twombly*, 550 U.S. at 555 (complaint inadequate if it "merely offers labels and conclusions or a formulaic recitation of the elements of the cause of action"). Therefore, on a motion to dismiss, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." *Fernandez*, 471 F.3d at 51 (internal quotation marks and citation omitted).

## DISCUSSION

Innovative argues that Plaintiffs' pleadings failed to meet the standard for stating a plausible overtime claim. In their brief, Plaintiffs—surprisingly—do not challenge this argument.[3] *See* Pl. Opp'n (ECF No. 120). The Court agrees with Innovative.

The Second Circuit addressed the level of specificity required to state a cognizable claim for unpaid overtime in *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114-115 (2d Cir. 2013) and its progeny. *See Dejesus v. HF Management Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013); *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200–01 (2d Cir. 2013). In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of

---

[3] Plaintiffs did address this argument in a prior brief. *See* ECF No. 62.

the 40 hours. *Lundy*, 711 F.3d at 114. Determining whether a plausible claim has been pled is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679). An approximation of overtime hours is not necessary, although it may help a plaintiff's claim come closer to plausibility. *Dejesus*, 726 F.3d at 88. Plaintiffs need not "keep careful records and plead their hours with mathematical precision," but rather must use their "memory and experience" to provide the court with "sufficiently developed factual allegations." *Id.*

Plaintiffs repeat the refrain that each of the Wage and Hour Plaintiffs "worked in excess of forty (40) hours each week." FAC ¶¶ 35-43. This chant does no more than track the language of the statute and is insufficient to state a claim. *See DeJesus*, 726 F.3d at 89 (holding that an assertion that plaintiff "worked more than forty hours per week during 'some or all weeks' of her employment" was insufficient to state a claim"). Plaintiffs also provide no other additional facts that provide context for their allegations that each one worked more than 40 hours a week. Therefore, Plaintiffs have failed to allege a plausible FLSA claim for overtime wages.[4]

The Court reaches a similar conclusion as to Plaintiffs' NYLL claims for overtime. *See Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 403 (E.D.N.Y. 2015) (noting "that the pleading standard applicable to overtime claims under the NYLL is analytically identical to its federal law counterpart under the FLSA").

## LEAVE TO AMEND

This is Plaintiffs' fifth attempt to amend the pleadings. In Plaintiffs' opposition,

---

[4] Salas alleges more than 60 hours, but provides no factual context for his belief.

Plaintiffs put the cart before the horse by arguing that Innovative is liable under a theory of FLSA successor liability while ignoring the threshold issue of whether the pleading of their claims is sufficient.[5]  However, leave to amend should be denied only when plaintiffs have been clearly instructed as to what is required to meet the pleading standard and nevertheless have failed to meet it.  *See Grey v. Gruntal & Co.*, No. 84 Civ. 5036, 1984 WL 1344, at *4 (S.D.N.Y. Dec. 14, 1984); *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (affirming denial of leave to amend where the district court "spelled out" for plaintiff "what deficiencies needed to be remedied" and plaintiff subsequently "fail[ed] to fix those shortcomings").  This Order has provided clear instruction.  Plaintiffs should consider the Second Circuit triumvirate of FLSA overtime pleading cases and their progeny in pleading their final complaint.

## CONCLUSION

For the foregoing reasons, Innovative's motion to dismiss is denied without prejudice, and Plaintiffs are afforded one last time to amend the Complaint.

SO ORDERED.

Dated: November 17, 2017
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

---

[5] *Hernandez I* was filed prior to the Second Circuit's clarification of the standard for pleading FLSA overtime claims.  Plaintiffs' assumption that this case should move forward based on similar pleadings in *Hernandez I* is mistaken.