FEDER KASZOVITZ LLP
ATTORNEYS AT LAW

845 THIRD AVENUE
NEW YORK, NY 10022-6601

E-MAIL:

TELEPHONE: (212) 888-8200

FACSIMILE: (212) 888-7776

January 8, 2018

VIA ECF

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Centre Street
Room 435
New York, New York 10007

Re: **Hernandez v. The Fresh Diet, Inc., Case No.: 15-CV-1338 (ALC)**

Dear Judge Carter:

We represent Defendant Innovative Food Holdings, Inc. ("Innovative"), and write pursuant to Rule 2(A) of Your Honor's Individual Rules to request a pre-motion conference to discuss Innovative's anticipated motion to dismiss the Fifth Amended Complaint (the sixth iteration) pursuant to Fed. R. Civ. P. 12(b).

Even on their *sixth* attempted pleading, and even after the Court expressly reminded them of the pleading standard for wage and hour claims articulated by the Second Circuit in *Lundy v. Catholic Health System of Long Island*, 711 F.3d 106 (2d Cir. 2013); *DeJesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013); and *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013), Plaintiffs Rodriguez and Dardaine failed to identify any single week in which they worked in excess of 40 hours for which they allegedly were not paid proper overtime wages, and Plaintiffs Guzman, Rose, Collado, Salas, Konate, and Correra have failed to identify more than one week in which they allegedly worked more than 40 hours without being lawfully compensated.

*Lundy* specifically holds that a plaintiff must allege that he or she was employed by each Defendant, and that he or she worked more than 40 hours in a given week, and was uncompensated for the time worked in excess of 40 hours in that or any other identified week. In other words, an FLSA wage and hour plaintiff must allege with specificity that he or she worked more than 40 hours on a given week, and that he or she was not compensated for the time that exceeded 40 hours at a rate of 1.5 times the compensation paid for the first 40 hours. The Second Circuit held, in *Lundy* and *DeJesus*, that to satisfy this pleading requirement, a plaintiff must identify the number of hours worked in each given week, the rate of pay due and owing, and the employer's failure to pay the amount due and owing. *DeJesus* further held that the

Second Circuit's pleading standard "is not an invitation to provide an all-purpose pleading template." 726 F.3d at 90. *Nakahata* further held that for a pleading to be plausible under *Iqbal*, the overtime hours and wages allegedly due must be pleaded with particularity. 723 F.3d at 201.

Plaintiffs' *sixth pleading* even with benefit of the Court's having pointed out the correct pleading standard, and having been afforded the opportunity to conform the "facts" they have now conjured up to the proper pleading requirements, have utterly failed to do so with respect to two of the wage and hour plaintiffs, and have failed to do so for any more than one week with respect to the remainder. As such, the claims of Plaintiffs Rodriguez and Dardaine should be dismissed in their entirety as to all Defendants and the remaining wage and hour claims should be dismissed as against all Defendants as to all but the identified weeks.

In addition to the above, the Complaint must be dismissed in its entirety as against Innovative for the same reasons as the Fourth Amended Complaint and its predecessors should have been dismissed, but in connection with which the Court afforded Plaintiffs yet a fifth bite at the apple. The Fifth Amended Complaint does not state any retaliation claim against Innovative, which Plaintiffs concede could not apply to it. The Fifth Amended Complaint improperly pleads "group" allegations against Innovative with respect to their allegations of employment control, terms, and conditions, without any specific allegations as to how Innovative could have been responsible for those terms and conditions which ceased well before Innovative acquired The Fresh Diet's stock. The Fifth Amended Complaint also seems confused about Innovative's relationship to The Fresh Diet, in some cases referring to The Fresh Diet as a subsidiary and in some as a mere instrumentality. Nor does the Fifth Amended Complaint even attempt to disambiguate the group pleading allegations which it knows *must be false* as against Innovative, insofar as they pertain to conduct that occurred prior to the stock purchase. This was pointed out in Innovative's prior motion to dismiss, but Plaintiffs made no attempt to remedy their group allegations (referring to Innovative as part of the "Defendants" in many allegations as to acts that occurred prior to its acquiring the stock of The Fresh Diet), which therefore must be dismissed as against Innovative for the reasons set forth in the prior motion to dismiss.

The current pleading, moreover, as a matter of law, fails to state a claim against Innovative under the theory of successor liability, since it fails to plead the requisite facts that would give rise to such liability. Similarly, the Fifth Amended Complaint fails to plead facts to support a theory of piercing the corporate veil under either New York or Florida law – a theory not even expressly pleaded by Plaintiffs, but mentioned in passing in its prior memorandum of law.

Finally, Plaintiffs, in an apparent attempt to save the sixth pleading from dismissal as to Innovative, have alleged additional facts which they claim "show definitively" that Innovative controlled The Fresh Diet's employment practices well after any of the Plaintiffs stopped working for *any* Defendant (Fifth Amended Complaint ¶ 127). Aside from the fact that these allegations are not sustainable as a matter of fact (they purport to be based on a double-hearsay opinion by someone allegedly quoted in a newspaper who admittedly had no knowledge upon which to base these allegations), they fail, as a matter of law, to support that Innovative has successor liability where the acts complained of occurred years prior to its acquisition of The

Fresh Diet's stock; where such acquisition was a stock purchase transaction rather than a purchase of the company's assets; where at all times The Fresh Diet operated independently, answering to its own Board; and where Innovative subsequently divested itself of the vast majority of the stock of The Fresh Diet by selling it to New Fresh Co. LLC.

Accordingly, it is respectfully submitted that the Fifth Amended Complaint is subject to dismissal in its entirety as against Innovative, and Innovative respectfully requests that the Court schedule a pre-motion conference at its earliest convenience pursuant to its Individual Rules for the purpose of scheduling the motion.

Respectfully submitted,

FEDER KASZOVITZ LLP

By: _____
David Sack

cc: All Counsel (via ECF)
Pro se Defendants (via e-mail)