**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------×
FERNANDO HERNANDEZ, JUANY GUZMAN,
BRANDON ROSE, IRVING COLLADO, ANDRES
SALAS, BENGALY KONATE, MICHAEL J.
RODRIGUEZ, WILTON A. DARDAINE, *and* JUAN
CORREA,

        *Plaintiffs,*

    *v.*

THE FRESH DIET INC.,                            **15 CV 1338**
LATE NIGHT EXPRESS COURIER SERVICES, INC.
(FL),
FRESH DIET EXPRESS CORP. (NY),
THE FRESH DIET – NY INC. (NY),
FRESH DIET GRAB & GO, INC. (FL), *a/k/a*
YS CATERING HOLDINGS, INC. (FL), *d/b/a*
YS CATERING, INC. (FL),
INNOVATIVE FOOD HOLDINGS, INC. (FL),
FRESH DIET EXPRESS CORP. (FL),
NEW FRESH CO., LLC (FL),
SYED HUSSAIN, *individually,*
JUDAH SCHLOSS, *individually, and*
SCHER ZALMAN DUCHMAN, *individually,*

        *Defendants.*

------------------------------------------------------------------------×
_____

**MEMORANDUM OF LAW IN SUPPORT OF THE HARMAN FIRM, LLP'S MOTION**
**TO WITHDRAW AS ATTORNEYS FOR PLAINTIFFS DARDAINE AND RODRIGUEZ**
_____

Walker G. Harman, Jr.
Edgar M. Rivera
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
212.425.2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiffs*

## PRELIMINARY STATEMENT

Pursuant to Local Civil Rule 1.4 and the Court's Order dated January 19, 2018 (Dkt. No. 136), the Harman Firm, LLP (the "Firm"), respectfully submits this Memorandum of Law in Support of its Motion to Withdraw as Attorneys for Plaintiffs Wilton A. Dardaine and Michael J. Rodriguez in this action.

## STATEMENT OF FACTS

The facts below are taken from the Declaration of Walker G. Harman, Jr., dated January 25, 2018 ("Harman Decl.").

Plaintiffs filed this action on February 24, 2015, alleging unpaid overtime and retaliation claims against Defendants under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law (NYLL), N.Y. Lab. Law §§ 1 *et seq.* (Dkt. No. 1.) On December 19, 2017, Plaintiffs filed their Fifth Amended Complaint in this action. (Dkt. No. 133).

In preparing the Fifth Amended Complaint, it was imperative that the Firm speak with all Plaintiffs to collect and confirm facts. (Harman Decl. ¶ 5.) While the Firm successfully reached Plaintiffs Fernando Hernandez, Juany Guzman, Brandon Rose, Irving Collado, Andres Salas, Bengaly Konate, and Juan Correa, we were unable to contact Plaintiffs Dardaine and Rodriguez within a reasonable amount of time. (Harman Decl. ¶ 6.)

The Firm attempted to contact Mr. Dardaine and Mr. Rodriguez via email and direct mail on December 5, 2017. (Harman Decl. ¶ 7.) Neither Mr. Dardaine nor Mr. Rodriguez responded to these attempts. (Harman Decl. ¶ 8.) The Firm then attempted to reach both Mr. Dardaine and Mr. Rodriguez via phone, calling each of them approximately ten times over the course of the next two weeks. (Harman Decl. ¶ 9.) The Firm also sent follow-up emails to both Mr. Dardaine

and Mr. Rodriguez on December 7, 2017, to alert them that the Firm was attempting to reach them concerning this action.  (Harman Decl. ¶ 10.)  On December 8, 2017, the Firm contacted Plaintiff Hernandez to see if he had alternative contact information for Mr. Dardaine and Mr. Rodriguez or otherwise knew of a way to reach either of them, but Mr. Hernandez was likewise unsuccessful in his attempts to reach Mr. Dardaine and Mr. Rodriguez.  (Harman Decl. ¶¶ 11–12.)  On December 14, 2017, the Firm also contacted Plaintiff Chow to see if he had alternative contact information for Mr. Dardaine and Mr. Rodriguez or knew another way to reach either of them.  (Harman Decl. ¶ 13.)  Like Mr. Hernandez and the Firm, however, Mr. Chow also had no success in his attempts to reach Mr. Dardaine and Mr. Rodriguez.  (Harman Decl. ¶ 14.)

The Firm therefore had to file Plaintiffs' Fifth Amended Complaint on December 18, 2017, without the necessary information for either Mr. Dardaine or Mr. Rodriguez.  (Harman Decl. ¶ 15.)  Although Mr. Dardaine contacted the Firm on the following day, December 19, 2017, it had already been over two weeks since our initial attempt, and the Fifth Amended Complaint had already been filed.  (Harman Decl. ¶ 16.)  The Firm has yet to receive any response or other communication from Mr. Rodriguez.  (Harman Decl. ¶ 17.)

The Firm sent letters to both Mr. Dardaine and Mr. Rodriguez on January 11, 2018, stating that, as a result of their failure to communicate with the Firm, the Firm would no longer be able to represent them and intended to move to withdraw as their attorneys in this action. (Harman Decl. ¶ 18.)  The Firm has received no response to these letters from Mr. Dardaine or Mr. Rodriguez.  (Harman Decl. ¶ 19.)  As Plaintiffs Dardaine and Rodriguez have repeatedly failed to communicate with the Firm, the Firm does not believe there is any existing relationship that would allow its representation of them to proceed effectively. (Harman Decl. ¶ 20.)

## ARGUMENT

Local Civil Rule 1.4 states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

In ruling on a motion for leave to withdraw under Local Civil Rule 1.4, courts must consider (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding. *Ameruso v. City of New York*, No. 15 Civ. 3381 (RAB) (CM), 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016) (citing *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444–45 (S.D.N.Y. 2014)).

It is well established that lack of cooperation by a client with their counsel, including lack of communication with counsel, is a sufficient reason for allowing withdrawal. *Fischer v. Biman Bangladesh Airlines*, No. 96 Civ. 3120 (SHS) (AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997); *see, e.g., In re Fosamax Prod. Liab. Litig.*, No. 06 MD 1789 (JFK), 2012 WL 2122166, at *2 (S.D.N.Y. June 12, 2012) (granting withdrawal motion where client failed to communicate with counsel); *Naguib v. Pub Health Solutions*, No. 12 Civ. 2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting withdrawal motion where client refused to communicate and cooperate with counsel); *Liang v. Lucky Plaza Rest.*, No. 12 Civ. 5077, 2013 WL 3757036, at *2 (S.D.N.Y. Jul. 17, 2013) (allowing counsel to withdraw where client refused to cooperate in prosecution of his case); *Munoz v. City of New York*, No. 04 Civ. 1105, 2008 WL 2843804, at *1 (S.D.N.Y. Jul. 15, 2008) (allowing counsel to withdraw "based on the lack of communication

with the plaintiff and acrimonious relationship that ha[d] developed between the law firm and the plaintiff").

Here, there has been an irreconcilable breakdown in the attorney–client relationship between the Firm and Plaintiffs Dardaine and Rodriguez, as Plaintiffs Dardaine and Rodriguez are not cooperating or communicating with the Firm such that the Firm cannot continue effective representation of them in this action. It is well established that also, for the above-described reasons, based upon Professional Rules of Responsibility 1.16(b)(1), 1.16(c)(1), 1.16(c)(4), 1.16(c)(7) and 1.16(c)(12), the Firm may withdraw from representation where, as here, the client makes it unreasonably difficult to represent him. *Steele v. Bell*, 2012 U.S. Dist. LEXIS 180405, at *6–7 (S.D.N.Y. 2012) ("Rule 1.6(c)(7) [...] provides that a lawyer 'may' withdraw as counsel when 'the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively [...].'").

The circumstances here are similar to those in *Fosamax*. There, the plaintiff's counsel repeatedly attempted to contact the plaintiff over an extended period of time to obtain information and documents necessary to pursue her claims, including notifying her via letter of counsel's intention to move to withdraw. *In re Fosamax Prod. Liab. Litig.*, 2012 WL 2122166, at *1. Despite these efforts, however, plaintiff's counsel never received "any written response" from plaintiff, nor did she provide her counsel with any of the documents they had requested. *Id.* Further, even though "there was some effort by Plaintiff to communicate with her counsel," the court held that "Plaintiff's extended failure to cooperate with her attorneys' attempts to prosecute her action against [defendant] creates a *prima facie* case for withdrawal under Local Civil Rule 1.4" and that plaintiff would not be prejudiced by counsel's withdrawal because the litigation had not progressed past the pleading stage. *Id.* at *2.

Here, as in *Fosamax*, the Firm has attempted to contact Mr. Dardaine and Mr. Rodriguez for months, but, to date, has received no written response to our inquiries or any of the information we requested.  Mr. Rodriguez has not communicated with the Firm whatsoever, and while Mr. Dardaine eventually contacted the Firm, he has not responded to subsequent communications or provided any of the information the Firm requested.  Further, like in *Fosamax*, the litigation here has not progressed past the pleading stage, meaning that Plaintiffs Dardaine and Rodriguez will not be prejudiced by the Firm's withdrawal.

As such, Plaintiffs Dardaine and Rodriguez's extended failure to communicate with the Firm and cooperate with the Firm's attempts to prosecute this action creates a *prima facie* case for withdrawal, and the Court should grant the Firm's motion.

## CONCLUSION

In light of the above, the Firm respectfully requests that this Court issue an Order permitting the Firm to withdraw as counsel of record for Plaintiffs Dardaine and Rodriguez in this action.

Dated: New York, New York
       January 25, 2018

Respectfully submitted,

Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
212.425.2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiffs*